(95 South. 32)

### NAFTEL DRY GOODS CO. v. MITCHELL. (6 Div. 772.)

(Supreme Court of Alabama. Jan. 11, 1923.)

**1. Judgment ⬤⟳918—Jurisdiction and regularity presumed from certified copy.**

In an action on a default judgment, the court will presume from the certified copy of the judgment that defendant was served with notice of suit and that judgment was regularly rendered.

**2. Judgment ⬤⟳916—Issue of no service in original action not presented by special plea of no judgment and proof thereunder.**

In an action on a default judgment, the question whether service on defendant was had in the original action was not presented by defendant's special plea averring that the judgment was not recovered against her or against any one which would bind her in the premises and by her testimony that service was not had.

**3. Trial ⬡143—General affirmative charge error on conflicting evidence.**

In an action on a default judgment where the evidence was conflicting on the issue whether defendant was the defendant in the original action, it was error to give the general affirmative charge with hypothesis.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action .by the Naftel Dry Goods Company against Huberta Mitchell. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. Latady, of Birmingham, for appellant.

It is error to give the affirmative charge where there is a conflict in the evidence. 5 Ala. 304; 23 Ala. 548, 58 Am. Dec. 305; 35 Ala. 312, 73 Am. Dec. 491; 98 Ala. 157, 13 South. 505; 104 Ala. 655, 16 South. 572; 120 Ala. 259, 24 South. 720; 154 Ala. 329, 46 South. 238.

John W. Altman and Jerome Edmundson, both of Birmingham, for appellee.

The defendant was formerly Mrs. Huberta Pierce Dudley. Her name never was B. Dudley, and there was no evidence to the effect that she was ever known as B. Dudley. For these reasons, the court did not, err in giving the affirmative charge for defendant. 53 Pa. 427; 157 U. S. 342, 15 Sup. Ct. 626, 39 L. Ed. 725.

MILLER, J. This is a suit by Naftel Dry Goods Company, a corporation, against Mrs. Huberta Mitchell, formerly Mrs. B. Dudley, on a judgment.

The complaint avers that the plaintiff, under its former corporate name of Naftel-Nicrosi Dry Goods Company, recovered a judgment against the defendant under the name of B. Dudley for the sum of $718.40 in the circuit court of .Lowndes county, Ala., on August 18, 1909, with waiver of exemption as to personal property up to $573.56. The defendant filed this plea under oath:

"That the judgment upon which the action was founded was not recovered against her or against any one which would bind her in the premises."

This was the only plea in the case. Its sufficiency was not questioned by demurrer. Issue was joined thereon; on it the case was tried, and there was a jury and verdict for the defendant, judgment thereon by the court, and from it this appeal is prosecuted by the plaintiff.

The general affirmative charge with hypothesis was given by the court in favor of the defendant. It was in writing. This is an error assigned by the plaintiff.

[1] A certified copy of a judgment rendered in the case of Naftel-Nicrosi Dry Goods Company versus B. Dudley on August 18, 1909, in the circuit court of Lowndes county, Ala., in favor of the plaintiff, and against B. Dudley for $718.40 was introduced in evidence. There were two counts in the complaint; one appears to be on a note waiving exemptions as to personal property, and the other on account. The jury assessed the damages on the waive note count at $573.46, and under the other count at $144.94; and the judgment was rendered accordingly thereon by the court. This judgment appears to have been rendered by default. A certified copy of the summons and complaint, with its filing and the sheriff's return thereon, were not introduced in evidence. To sustain the judgment, the court will under this issue presume from the certified ·copy of the judgment in evidence that the defendant B. Dudley was served with notice of the suit, and this default judgment was rendered regularly; nothing appearing in the record to the contrary. Roman v. Morgan, 162 Ala. 133, headnote 3, 50 South. 273; Masterson v. Matthews, 60 Ala. 260, headnote 3.

It was admitted by defendant that the name of the corporation, the plaintiff, had been legally changed from Naftel-Nicrosi Dry Goods Company after that judgment was obtained and before this suit was commenced to Naftel Dry Goods Company.

The defendant first married T. Niles Dudley, and then she married a Mr. Mitchell. She and her first husband lived in Lowndes county. The evidence tended to show that she was known as, and called, before her marriage to T. N. Dudley, Berta Pierce, and after her marriage Berta Dudley. She and her husband lived in' Lowndes county at Benton until his death, August 23, 1910, and that she afterwards married a Mr. Mitchell. There was evidence that her name was Huberta or Heberta Pierce before her marriage, and there was evidence that the name of Huberta or Heberta was not heard of until this suit was commenced. Frank Dudley, son of defendant, testified:

"That his mother was not known as B. Dudley. That his father was known as B. Dudley in 1909 and 1910 and conducted business under the name of B. Dudley. That his father was dead, and died August 23, 1910. That when his father lived in Benton during the year 1909, he was known as B. Dudley. That his real initials were T. N., but that in a business way he was known as B. Dudley."

Jack Dudley, a brother of T. N. Dudley, deceased, testified:

"That he had a brother who was in business at Benton about 1908 and 1909, that in Benton his brother used the name of B. Dudley."

And this witness also testified:

"That when he first started business it was under the name of T. N. Dudley. The witness being asked when he first learned that the de-

fendant was named Huberta, stated that he did not know it; that he had always heard her called Berta; that in the present proceeding he first heard of her being called Huberta; that he had known her all her life. On redirect examination the witness testified that his brother first went into business under the name of T. N. Dudley at a little place called Trickham about five miles from Benton, and that he closed out down there and went into business in the name of B. Dudley." .

There was evidence tending to show that T. N. Dudley failed in the business he was running at Trickham, came to Benton, and ran a business there in the name of B. Dudley. There was evidence that his nickname was "Bullet," and that he was called "Bullet." There was evidence from which the jury could reasonably infer that T. N. Dudley failed in the business run in his name; that he then opened up business in the name of B. Dudley, his wife, at Benton, with her knowledge; and that it was her business and he was the manager, and this judgment was obtained against her. And there was evidence to the contrary, that it was not her business, that it was his business, that she was not known as B. Dudley. This made a conflict in the evidence on the issue under the special and only plea.

[2] It is true she, the defendant, testified that no papers were served on her in that suit in Lowndes county, she had no knowledge of it, and employed no attorney to represent her in it; but that question was not presented by the special plea and proof in this case in a way to receive a ruling of the court. Roman v. Morgan, 162 Ala. 133, headnote 3, 50 South. 273; Masterson v. Matthews, 60 Ala. 260, headnote 3.

The defendant in the plea averred:

"That the judgment upon which this action was founded was not recovered against her or against any one which would bind her in the premises."

There was evidence from which the jury could reasonably infer that this judgment was recovered against her; that B. Dudley, the defendant in that suit, was the same person as Huberta Mitchell or Heberta Mitchell, the defendant in this suit. There was a conflict in the evidence on this issue made between the parties.

[3] The general affirmative charge with hypothesis should not be given where there is any evidence or reasonable inferences to be drawn therefrom, making a conflict therein as to a material issue in the case. Shipp v. Shelton, 193 Ala. 658, 69 South. 102; John v. B'ham Realty Co., 172 Ala. 603, 55 South. 801; McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

Under this conflicting testimony and the reasonable and conflicting inferences that may be drawn therefrom on the material issue made by the parties in this case, the court erred in giving the general affirmative charge with hypothesis in favor of the defendant.

We need not discuss and pass on the other errors assigned. They will hardly arise on another trial. If they do, they will no doubt appear in a different form.

For the error mentioned, the judgment must be reversed, and the cause remanded. Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.