### G. E. Bradley, Defendant in Error, v. Illinois Automobile Insurance Exchange, Plaintiff in Error.

### Gen. No. 7,051.

1. Insurance—*special plea as waiver of allegations of declaration.* In an action on an insurance policy insuring plaintiff against liability for personal injuries to other persons through the use of his automobile and requiring him to give notice of any accident and of suits against him arising from such accidents and requiring the company to defend such suits, plaintiff must allege and prove that he gave such notice or that it was waived by the insurer, and where the declaration alleges notice and the general issue is

filed thereto, together with special pleas alleging that plaintiff failed to assist the insurer in the preparation of the defense of a suit, the general issue puts every material allegation in issue and the special pleas cannot be utilized as a waiver of the allegations of the declaration as to notice notwithstanding they are inconsistent with the denial under the general issue.

2. INSURANCE—*when directed verdict proper in action on policy.* In an action on an insurance policy which insured plaintiff against liability for injuries to other persons resulting from the use of his automobile, requiring him to give notice to the insurer of accidents and of actions against him resulting from such accidents and requiring him to assist the insurer in the defense of any such actions which the policy required the insurer to defend, a verdict for the insurer should be directed where the declaration alleges notice and that the insurer assumed charge of the suit against plaintiff but where there is no evidence in support of such allegations, which are denied under the general issue.

Error by defendant to the City Court of Moline; the Hon. G. O. DIETZ, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded. Opinion filed January 24, 1923.

LIVINGSTON & WHITMORE, for plaintiff in error.

JAMES M. JOHNSTON, for defendant in error.

MR. JUSTICE PARTLOW delivered the opinion of the court.

The defendant in error, G. E. Bradley, recovered a judgment for $3,450 in the city court of the City of Moline against the plaintiff in error, the Illinois Automobile Insurance Exchange, a corporation organized under the laws of this State, upon a policy of insurance issued by the plaintiff in error to the defendant in error, and to review that judgment a writ of error has been sued out from this court.

On May 23, 1918, the plaintiff in error issued a policy of insurance in which it agreed to insure and indemnify the defendant in error "against loss or expense arising or resulting from lawful claims upon the assured for damages by reason of the use, maintenance or operation of the automobile herein described, in-

·574 APPELLATE COURTS OF ILLINOIS.

Bradley v. Illinois Automobile Ins. Exchange, 227 Ill. App. 572.

cluding the defense and payment of costs of suit on account of: Injury to persons, (A) Bodily injuries or death, accidentally suffered or alleged to have been suffered by any person or persons as the result of accident occurring while this instrument is in force, it being understood that the Exchange's liability for any one accident shall not exceed in any event the sum of $5,000.'' The policy further provided that the assured should give written notice by registered mail, or telegraph, within forty-eight hours, to the attorney in fact of the plaintiff in error at the home office in Bloomington, Illinois, of any accident, claim, or loss, with the fullest information obtainable; that if any claim or demand was made against the assured on account of such accident, the assured should also give like notice thereof to the plaintiff in error; and if any suit was brought to enforce such a claim against the assured, he should immediately forward, by registered mail, to the attorney in fact, every summons or other process as soon as the same was served on him; and that the plaintiff in error would defend such suit, whether groundless or not, in the name and on behalf of the assured; that if any suit was instituted against the assured to recover for any damages covered by the contract, then, at the request of the plaintiff in error, the management and control of the defense of such suit, including the appeal from any judgment to the court of final resort, and all other matters which might be availed in the defense of such suit, should be under the direction and control of the plaintiff in error.

After the policy was delivered to the defendant in error, and while it was in full force and effect, the defendant in error had an automobile collision in the City of Moline on January 14, 1919, with an automobile driven by Peter Langbehn, Jr. Suit was begun in the circuit court of Rock Island county, and Langbehn recovered a judgment against the defendant in error for $3,450 and costs, which judgment is in full

force and effect and unpaid. The plaintiff in error refused to pay this judgment, and thereupon this suit was commenced on the policy of insurance.

The declaration set out the facts in the case, the conditions of the policy, and alleged the defendant in error notified the plaintiff in error of said accident and of such suit which was pending in the circuit court of Rock Island county, and that plaintiff in error took complete control of the defense of such suit as provided by the terms of the policy and employed an attorney; that the defendant in error conformed to and complied with all of the terms and conditions of the policy upon his part to be performed. The plaintiff in error filed the general issue and five special pleas. The defendant in error demurred to the five special pleas, and the court sustained the demurrer to the third and fourth special pleas and overruled it as to all others. Plaintiff in error elected to stand by the third and fourth special pleas. The special pleas alleged that the plaintiff in error in preparing the defense in the prior suit requested the defendant in error to assist in procuring information and evidence, and alleged that the defendant in error failed to do so. At the close of the evidence on behalf of the defendant in error, a motion was made by the plaintiff in error to direct a verdict in its favor, which motion was overruled, and the jury returned a verdict in favor of the defendant in error, and it is this ruling that is assigned as error. It is insisted by the plaintiff in error that while the declaration alleged that the notice provided for in the policy had been given, that the evidence failed to show that such notice was given and therefore the defendant in error cannot maintain this judgment.

In the first instance, it was the duty of the defendant in error to allege in his declaration a compliance on his part with the precedent conditions of the policy, or that such conditions of the policy were waived by

the plaintiff in error, and he made these allegations in his declaration. The general issue was filed by the plaintiff in error and thus put in issue every material allegation of the declaration. After those facts were alleged and the general issue was filed, it was incumbent upon the defendant in error to prove such compliance with the policy, or to prove a waiver of these conditions, and if he failed to do so his case was not made out by the evidence. There is no evidence in the record showing, or even tending to show, a compliance with the conditions of the policy relative to notice, or that the plaintiff in error appeared and assumed charge of the suit. The allegation of a waiver of these conditions was contained in the declaration, and in the special plea of the plaintiff in error in which it was alleged that the plaintiff in error, in preparing the defense of the original suit, requested the defendant in error to assist in securing information and witnesses and that he failed to do so. Where the general issue is filed, together with special pleas, the special pleas cannot be utilized as a waiver of some of the allegations of the declaration, even though the averments of the special pleas are inconsistent with the denial under the general issue. The general issue still puts in issue every material allegation of the declaration and these allegations must be proved as alleged, and if they are not proved the plaintiff in error has not made out his case. *Farnan v. Childs,* 66 Ill. 544; *Priest v. Dodsworth,* 235 Ill. 613; *Barker v. Barth,* 88 Ill. App. 23; *Miller v. Stanley,* 186 Ill. App. 340. The evidence wholly fails to prove the allegations of the declaration as to notice, or waiver of notice, or that the plaintiff in error assumed charge of the suit, and for these reasons the motion to direct a verdict should have been allowed at the close of the defendant in error's evidence, and for that reason the judgment will be reversed and the cause remanded.

There are other questions raised upon this appeal,

but it will not be necessary to consider them as this point is conclusive on the appeal.

*Reversed and remanded.*