(101 So. 653)

**NAFTEL DRY GOODS CO. v. MITCHELL.**
**(6 Div. 197.)**

(Supreme Court of Alabama. Oct. 23, 1924.)

1. **Judgment ⊜⊷918—Plaintiff has burden of showing valid judgment and identity of judgment defendant with defendant presently sued.**

In action on a judgment, plaintiff has burden of showing valid judgment, and identity of judgment defendant with the defendant presently sued.

2. **Judgment ⊜⊷918—Dissimilarity between name of judgment debtor and of present defendant throws burden on plaintiff to establish identity.**

If name of person designated in judgment sued on is not identical with name of defendant presently sued, so as to raise presumption of identity of persons, burden rests on plaintiff to establish that identity to the reasonable satisfaction of jury.

3. **Judgment ⊜⊷17(9)—Plaintiff suing on judgment held entitled to recover if instant defendant was served as defendant in prior suit.**

In action on judgment, where name of person designated in judgment was not identical with name of present defendant, plaintiff *held* entitled to recover if defendant was served with a copy of the summons and complaint in the former action, and was so served as defendant.

4. **Judgment ⊜⊷518—In action on judgment, evidence held improperly admitted as impeaching judgment collaterally.**

Where issue in action on judgment was identity of defendant as person designated in judgment sued on, the names being dissimilar, admission of testimony that defendant was never indebted to plaintiff, on the notes or account which constituted the basis of judgment sued on, *held* error as collaterally impeaching that judgment.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by the Naftel Dry Goods Company against Herberta Mitchell. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals, under section 6, Acts 1911, p. 449. Reversed and remanded.

The plaintiff, the Naftel Dry Goods Company, sues the defendant, Mrs. Herberta Mitchell, formerly Mrs. B. Dudley, on a judgment recovered on April 18, 1909, by plaintiff under its former corporate name, the Naftel-Nicrosi Dry Goods Company, against Mrs. B. Dudley. The judgment sued on was recovered in the circuit court of Lowndes county, and was for $573.44 on notes with a waiver of exemptions, and for $144.94 on an account.

The original complaint was captioned "Naftel-Nicrosi Dry Goods Co., Plaintiff, v. B. Dudley, Defendant." In the body of the

complaint it is alleged that "the defendant waived *her* right to claim exemptions." On the back of the complaint the caption is "Naftel-Nicrosi Dry Goods Co. v. Mrs. B. Dudley." Indorsed thereon is the sheriff's return:

"Executed by handing a copy of summons and complaint to Mrs. B. Dudley, 5/20/09. J. A. Colman, Sheriff, by J. M. Watson."

J. M. Watson testified that he was a deputy sheriff of Lowndes county in May, 1909; that he had known the defendant now in court for about 30 years; that he had known her as Mrs. B. Dudley; that she was the person upon whom he served the summons and complaint referred to; and that the signature, J. M. Watson, thereon was his.

The caption to the judgment entry is "Naftel-Nicrosi Dry Goods Co. v. B. Dudley." The entry, after reciting the verdict of the jury, reads:

"It is therefore considered by the court that the plaintiff have and recover of the defendant, B. Dudley, seven hundred and eighteen and 40/100 dollars, the damages assessed by the jury on both of said counts, together with the costs, etc."

—followed by an order that no exemptions could be claimed as against $573.46 of the amount recovered.

W. P. McGaugh, Esq., testified that he brought the suit in question as attorney for the plaintiff; that the suit was against Mrs. B. Dudley, whom he had known for 38 years as Berta Pierce and afterwards as Berta Dudley, the wife of T. N. Dudley, and that she was called "Bert" or "Berta" by those who knew her; and that the notes sued on were signed B. Dudley—Mrs. B. Dudley.

The defendant testified that her name was Herberta Dudley before she married her present husband, Mitchell, and that she was never served with any court papers by Mr. Watson, nor by any one else.

A general statement of the testimony and evidence on a former trial of the case, substantially the same as on this trial, will be found in the opinion of the court in the report of a former appeal. Naftel Dry Goods Co. v. Mitchell, 208 Ala. 640, 95 So. 32. There was a verdict for defendant and judgment accordingly, from which plaintiff appeals.

A. Latady, of Birmingham, for appellant.

A judgment or decree of a court of general jurisdiction cannot be collaterally attacked, except for want of authority over the subject-matter adjudicated. 1 Freeman on Judgments, § 132; Crafts v. Baxter, 8 Ala. 767, 42 Am. Dec. 666.

John W. Altman and Jerone Edmundson, both of Birmingham, for appellee.

Counsel argue that there was no error in admission of evidence, and cite Walton v. Marietta Chair Co., 157 U. S. 342, 15 S. Ct.

626, 39 L. Ed. 725; Maxwell v. State, 11 Ala. App. 53, 65 So. 732.

SOMERVILLE, J. [1, 2] In an action on a judgment the burden of proof is of course on the plaintiff to show the existence of a valid judgment, and the identity of the judgment defendant with the defendant presently sued. From an identity of names there arises a presumption of an identity of persons; but, if the name of the person designated in the judgment is not identical with the name of the person presently sued, the burden rests upon the plaintiff to establish that identity to the reasonable satisfaction of the jury. The trial of such an issue necessarily involves a resort to parol evidence. Tarleton v. Johnson, 25 Ala. 300, 310, 60 Am. Dec. 515; Naftel Dry Goods Co. v. Mitchell, 208 Ala. 640, 95 So. 32.

"Properly, each party should be designated by his true name, both Christian name and surname in full. But the omission of a party's Christian name, or the use of an erroneous Christian name, is a mere irregularity which will not render the judgment void, and may not even render it subject to reversal, as where the defect is cured by other parts of the record. * * * And the use of initials in lieu of the Christian name has been said to render the judgment merely irregular and not void." 33 Corp. Jur. 1200, § 132. And authorities are numerous to the effect that "a defendant who is sued by the wrong name, but with due service of process upon him, who fails to plead the misnomer and suffers a judgment to be taken against him in such name, may be connected with the judgment by proper averments and will be bound by it." 33 Corp. Jur. 1200, § 132, and cases cited under note 18.

[3] Under the evidence before the court, the jury were properly instructed that if "the defendant in this case was served with a copy of the summons and complaint in the suit which resulted in the judgment sued on, * * * and that she was so served as the defendant in said suit, your verdict must be rendered in favor of the plaintiff in this cause."

[4] But the trial court did not restrict the evidence to this issue, and, against plaintiff's seasonable objections, allowed defendant to introduce a large amount of testimony tending to show that she never was in business, and never was indebted to the plaintiff by the notes or account sued on, and other matters wholly irrelevant to the issue, the effect of which was to impeach the obligation of the judgment collaterally.

In this the trial court was in error, and for it the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.