(113 So. 299)

## AUGUSTA FRIEDMAN'S SHOP, INC., v. YEATES. (6 Div. 770.)

Supreme Court of Alabama.    April 28, 1927.

Rehearing Denied June 23, 1927.

1. **Master and servant** ⬦⟹330(1)—**Customer, receiving burns while having hair waved, must prove injury was by defendant's servant acting within scope of employment.**

In suing for burns sustained by plaintiff while having her hair curled or waved, *held* that plaintiff must prove she was injured through the negligence of an employee of the defendant corporation while acting within the scope of employment.

2. **Corporations** ⬦⟹521—**Whether corporation held itself out as proprietor of beauty salon, where plaintiff was burned in having her hair waved, held for jury.**

Whether corporation held itself out as the owner or proprietor of beauty salon, where plaintiff was burned while having her hair curled or waved, *held* question of fact for the jury.

Sayre, J., dissenting.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages by Marie Yeates, by her next friend Mrs. Harry C. Yeates, against Augusta Friedman's Shop, Inc., and another, for negligent burning of plaintiff's scalp in and about the work of curling or permanently waving plaintiff's hair. From a judgment for plaintiff, the corporate defendant alone appeals. Affirmed.

Leader & Ullman and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

In order to establish the liability of one person for an injury occasioned by the negligence of another, it must be shown that the person whose negligence caused the injury was at the time under an employment by the person sought to be charged and that the employment created the relation of master and servant between them. King v. N. Y. C. & H. R., 66 N. Y. 181, 23 Am. Rep. 37; Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703. The relationship between Augusta Friedman Shop, Inc., and Remond, or the operatives employed by him, was not that of master and servant. In re Steele-Smith D. G. Co. (D. C.) 298 F. 812; Anderson v. Fuller, 35 Mass. (18 Pick.) 575; Fiske v. Framingham, 31 Mass. (14 Pick.) 491; Ault W. W. Co. v. Baker, 26 Ind. App. 374, 58 N. E. 265; Midland Oil Co. v. Thigpen (C. C. A.) 4 F. (2d.) 85; Norton v. Wiswall, 26 Barb. (N. Y.) 618. Findings of fact, based on conjecture merely, cannot be upheld. Southworth v. Shea, 131 Ala. 419, 30 So. 774; Miller-Brent v. Douglas, 167 Ala. 286, 52 So. 414; John v. Birmingham R. Co., 172 Ala. 603, 55 So. 801; Carlisle v. C. of Ga., 183 Ala. 195, 62 So. 759; St. L. & S. F. v. Dorman, 205 Ala. 609, 89 So. 70.

Mullins & Jenkins, of Birmingham, for appellee.

The question of agency is matter of fact which it is the province of the jury to decide upon; and, where there is any evidence tending to prove the authority of the agent, its sufficiency and weight should be left to the jury. 21 R. C. L. 821; Miller-Brent v. Stewart, 166 Ala. 657, 51 So. 943, 21 Ann. Cas. 1149; Robinson v. Greene, 148 Ala. 434, 43 So. 797; Morgan v. Va.-Car. Chem. Co., 213 Ala. 551, 106 So. 136; Dixie Const. Co. v. McCauley, 211 Ala. 683, 101 So. 601. Failure to produce evidence within a party's control raises the presumption that, if produced, it would operate against him, and every intendment will be in favor of the opposite party. Roney v. Moss, 74 Ala. 390; Mobile T. & W. Co. v. First Nat. Bank, 201 Ala. 419, 78 So. 797; Sewell v. Nolen Bank, 204 Ala. 93, 85 So. 375; Blue v. First Nat. Bank, 200 Ala. 129, 75 So. 577; 22 C. J. 115.

ANDERSON, C. J. [1, 2] Of course, the injury complained of must have been inflicted by an agent or servant of the defendant while acting within the line and scope of the employment or as so held out by it. The evidence tends to establish the fact that the plaintiff's scalp was injured through the negligence of an employee of the Augusta Friedman Beauty Salon, and the question arises, Was the appellant, the Augusta Friedman Shop, Inc., the owner in whole or in part in the Augusta Friedman Beauty Salon, or did the former hold itself out as the owner or proprietor of the latter? It is a well-established rule of law that, when one holds himself out as the owner or partner in a business, and third persons are thereby misled or injured, the person so holding himself out is liable to the same extent as if he was the owner or partner, although there may have been no proprietorship or partnership inter sese. Fertilizer Co. v. Reynolds, 85 Ala. 23; 4 So. 639; Levy v. Alexander, 95 Ala. 101, 10 So. 394; Cain v. Standard Co., 108 Ala. 348, 18 So. 882. And this rule also applies as to principal and agent. 2 C. J. §§ 70, 71, p. 461; Mechem on Agency, §§ 83, 84; Gibson v. Snow, 94 Ala. 346, 10 So. 304; Sou. R. R. v. Beaty, 212 Ala. 608, 103 So. 658. This doctrine of liability applies to torts as well as contracts whenever the tort consists of the violation of a duty which springs from the contract. Hannon v. Siegel-Cooper Co., 167 N. Y. 244, 60 N. E. 597, 52 L. R. A. 429. Indeed, this case is quite similar to the case in hand; the only difference being a dental parlor instead of beauty salon.

The record contains evidence which af-

---

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

forded a reasonable inference for the jury that the appellant held itself out to the plaintiff and public generally as the owner or proprietor of the Augusta Friedman Beauty Salon. The names were in part identical, the salon was in the defendant's building, was reached by its elevator, and the defendant advertised it in connection with the general business and failed to designate Remond, or any one else, as the owner or proprietor. Not only was this done, but the plaintiff, when settling her bill, made the check payable to "Augusta Friedman's Shop" at the instance of an employee, and the check was indorsed and presumably collected by "Augusta Friedman Shop, Inc." And the jury could well infer, from the evidence, that the plaintiff believed the beauty salon was operated by the appellant and relied on this fact when having her hair dressed. The trial court did not err in refusing the general charge requested by the appellant.

The cases cited and relied upon in brief of appellant's counsel are not in conflict with and have no bearing upon the question here decided. Whether the relationship of master and servant did or did not exist between appellant and Remond or between it and the other inmates of the salon, if it held itself out as the owner or proprietor of the salon, a fact for the jury, it necessarily held out the workers in the salon as its authorized agents or servants in conducting the business so held out as its own.

The judgment of the circuit court is affirmed.

SOMERVILLE, GARDNER, THOMAS, BOULDIN, and BROWN, JJ., concur.
SAYRE, J., dissents.