(115 So. 174)

**UNITED STATES FIDELITY & GUARANTY CO. v. YEATES et al.** (6 Div. 824.)

Supreme Court of Alabama. Jan. 12, 1928.

**I. Names ⬤⚡6—Judgment, rendered without objection, that defendant's initials were misstated in complaint, held good against person served.**

Judgment in personal injury action *held* good against person served, who was man intended to be sued, and against whom judgment was actually rendered without objection on his part, although his initials were misstated in the complaint.

**2. Judgment ⬤⚡913—Where judgment is good, though name misstated, one pleading judgment may connect real party with it by averring true name without amendment of judgment nunc pro tunc.**

When it becomes necessary to aver or plead a judgment obtained against a defendant wherein defendant's wrong name was used, the pleader may connect the real party with the judgment by averring his proper name without amendment of judgment by nunc pro tunc order.

**3. Insurance ⬤⚡616½—Judgment binding on misnamed defendant held binding on his liability insurer.**

Where a judgment misnaming the defendant, by using the wrong initials was binding on such defendant, when duly identified, *held* that it was binding on his liability insurer.

**4. Equity ⬤⚡197—Uninsured joint judgment debtor, whom insured codebtor had contracted to indemnify, held entitled to maintain cross-bill for application of insurance to joint judgment in judgment creditor's action against insurer for same relief.**

Where a judgment for damages for personal injury was obtained against joint defendants, only one of whom was insured, but such insured was the party primarily liable, and it was shown that such primarily liable party had contracted with the other defendant prior to the injury to hold him harmless from possible damages in the operation of a beauty parlor, and the entire defense had been conducted by insurer, *held* that, under Code 1923, §§ 8376, 8377, the uninsured defendant had such an equitable interest in the insurance and right to have it applied to the joint judgment against defendants as to warrant maintenance of cross-bill for such relief in judgment creditor's action against insurer.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Marie Yeates, suing by her next friend, Mrs. Harry C. Yeates, against N. W. Remond, Augusta Friedman's Shop, Inc., and the United States Fidelity & Guaranty Company, with cross-bill by respondent, Augusta Friedman's Shop, Inc. From a decree overruling demurrer to the original and cross-bills, respondent United States Fidelity & Guaranty Company appeals. Affirmed.

Statement by SOMERVILLE, J.:

The bill of complaint discloses that Marie Yeates, a minor, suing by her next friend, Mrs. Harry C. Yeates, recovered a judgment for $4,000 in the circuit court of Jefferson county, Ala., on, to wit, January 28, 1926, against *William R.* Remond and Augusta Friedman's Shop, Inc., a corporation, which judgment has not been paid. The bill is framed under sections 8376 and 8377 of the Code of 1923, and seeks to recover of the respondent, United States Fidelity & Guaranty Company, as the insurance carrier of *N. W.* Remond, the amount of the judgment, with interest. The Augusta Friedman's Shop, Inc., a corporation, one of the respondents in the bill, filed an answer and cross-bill seeking also to compel the payment of the judgment by the United States Fidelity & Guaranty Company. Demurrers were overruled both to the original and cross-bill, from both of which rulings the respondent United States Fidelity & Guaranty Company prosecutes this appeal.

The bill shows that the judgment referred to was for injuries suffered by complainant

while being served as a patron of a beauty shop located in the Augusta Friedman's Shop, Inc. It is averred that complainant "recovered a final judgment against the respondent N. W. Remond under the name of William R. Remond, and against the respondent Augusta Friedman's Shop, Inc., a corporation, said judgment being a joint judgment against said two respondents in the sum of $4,000," which judgment is wholly unpaid.

The bill as amended shows further:

"That the summons and complaint in said cause, although issued to Wm. R. Remond, was served upon the respondent N. W. Remond; and the respondent N. W. Remond, under the name of Wm. R. Remond, and without raising any objections as to a misnomer, entered an appearance in said cause, and permitted a judgment to be rendered against him under the name of Wm. R. Remond, without objections as to a misnomer."

Several grounds of demurrer were interposed to the bill, only one of which is now insisted upon, viz. that the bill fails to show that the respondent company insured the defendant in judgment Wm. R. Remond; and that it affirmatively appears that complainant did not recover a judgment against N. W. Remond, alleged to have been insured by the respondent company. The demurrer was overruled.

The answer and cross-bill of the respondent Augusta Friedman's Shop, Inc., shows substantially as follows:

That N. W. Remond, by and under an agreement between him and said Shop, Inc., installed and operated a beauty shop on the third floor of its store building; that, with respect to complainant's said injuries, said Remond was and is primarily liable to her, and is primarily liable for the payment of said joint judgment against said Remond and said Shop, Inc.; that said Remond agreed to carry liability insurance for the joint protection of himself and said Shop, Inc., in a sum not less than $10,000, and covering all injuries to patrons of his said beauty shop; that, pursuant to said agreement, said Remond applied to the respondent company for such a policy, which was issued to him, insuring him alone and not said Shop, Inc.; that complainant's said damage suit was brought against the said N. W. Remond who operated said beauty shop, and was primarily liable for complainant's said injuries, though he was named therein as W. R. Remond, as erroneously listed in the city directory; that said summons was executed on N. W. Remond, who thereupon conferred with the said Shop, Inc., as to the defense of the suit, and then turned over the defense thereof to said respondent company; that said company's attorney, acting for it, undertook said defense, filed pleas for both defendants, and conducted the entire defense for them; and that no objection whatever was made by

said respondent company, or its said attorney, to the said misnomer of the defendant Remond.

The cross-bill further shows that, by the terms of the original contract of lease between said Remond and said Shop, Inc., the former agreed to hold the latter harmless against any liability of the kind for which the complainant herein has recovered the said joint judgment against said parties, and sought to be herein enforced.

The prayer of the cross-bill is for a decree fixing the primary liability of said respondent company to the said complainant in the premises, and that said company be ordered to pay into court a sum sufficient to satisfy said judgment, interest, and costs; and, in the alternative—failing that relief—for a decree in favor of cross-complainant against said Remond, for such an amount as it may be compelled to pay on said joint judgment. A further prayer is for a decree that the respondent company is estopped to deny liability in the premises, and that it shall hold cross-complainant harmless against said judgment. Its demurrers to the original bill as amended and to the cross-bill being overruled, the United States Fidelity & Guaranty Company appeals.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

There is no valid judgment against N. W. Remond within the meaning of Code, §§ 8376–8377. Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761; Floyd v. Lamar, 13 Ala. App. 504, 69 So. 227. The judgment against William R. Remond could not be enforced against N. W. Remond. Code 1923, § 9514; Clinton M. Co. v. Bradford, 200 Ala. 308, 76 So. 74; Ory-Cohen v. Taylor, 208 Ala. 520, 94 So. 525; May v. Clanton, 208 Ala. 588, 95 So. 30; Cooper v. Jacobs, 82 Ala. 411, 2 So. 832; Barrett v. Brownlee, 190 Ala. 613, 67 So. 467. Parol evidence is not admissible to change the judgment unless sufficient matter appears of record to justify the change. Code 1923, § 9514; De Loach v. Robbins, 102 Ala. 288, 14 So. 777, 48 Am. St. Rep. 46. The judgment could not be amended nunc pro tunc. Wilmerding v. Corbin Banking Co., 126 Ala. 268, 28 So. 640; Carter v. Smith, 142 Ala. 414, 38 So. 184, 110 Am. St. Rep. 36; Gardner v. State, 21 Ala. App. 388, 108 So. 635; Merrimac Mfg. Co. v. Hearn, 16 Ala. App. 507, 79 So. 268; Code 1923, § 7855. Cross-complaint is not authorized to prosecute either original or cross-bill against appellant. Code 1923, §§ 8376, 8377; Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649; Hollings v. Brown, 202 Ala. 504, 80 So. 792.

Mullins & Jenkins, of Birmingham, for appellee Yeates.

Remond waived the defect in the process in the suit at law by appearing and filing demurrer, and judgment rendered against him

is valid and binding. Mobile, etc., R. Co. v. Yeates, 67 Ala. 164; Lehman-Durr & Co. v. Warner, 61 Ala. 455; Naftel D. G. Co. v. Mitchell, 212 Ala. 32, 101 So. 653. Defendant, sued by a wrong name, but with due process upon him, who fails to plead the misnomer and suffers judgment against him in such name, may be connected with the judgment by proper averments, and will be bound by it. Gill v. More, 200 Ala. 511, 76 So. 453; Naftel D. G. Co. v. Mitchell, supra.

Leader & Ullman and Bradley, Baldwin, All & White, all of Birmingham, for appellee Augusta Friedman's Shop, Inc.

Respondent Remond waived defect in process, and is bound by the judgment. Mobile, etc., R. Co. v. Yeates, 67 Ala. 164; Lehman-Durr & Co. v. Warner, 61 Ala. 455; Naftel D. G. Co. v. Mitchell, 212 Ala. 32, 101 So. 653. Equity having jurisdiction of the parties will adjudicate the entire controversy. Interstate B. & L. Asso. v. Stocks, 124 Ala. 109, 27 So. 506; Williams v. Nelson, 228 Mass. 191, 117 N. E. 189, Ann. Cas. 1918D, 538; Davenport v. Bartlett, 9 Ala. 179; Winkleman v. White, 147 Ala. 481, 42 So. 411; Enterprise Lbr. Co. v. First Nat. Bank, 181 Ala. 388, 61 So. 930; Mallory S. S. Co. v. Druhan, 17 Ala. App. 365, 84 So. 876; Miller v. Garret, 35 Ala. 96; Couch v. Terry, 12 Ala. 225.

SOMERVILLE, J. With respect to the bill of complaint, appellant's insistence is that the showing of a judgment for complainant against *Wm. R.* Remond, even with the showing that the real person, who was sued and served with process, and who actually appeared and defended the suit, without objection because of the misnomer, was *N. W.* Remond, is not sufficient to fasten liability upon the appellant company as insurer of N. W. Remond, under the provisions of sections 8376 and 8377 of the Code. These statutes impose an absolute liability upon the insurer when the loss or damage for which the insured is liable occurs, and authorize a suit in equity by the injured plaintiff in judgment against the defendant and the insurance company, to have the insurance money applied to the satisfaction of the judgment, if the judgment has remained unsatisfied for 30 days after its rendition. Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761; Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374.

[1] Under the allegations of the bill of complaint, as amended, the judgment obtained against *Wm. R.* Remond was unquestionably a good judgment against *N. W.* Remond, because N. W. Remond was the person intended to be sued, and the person actually served with the process, and the person against whom the judgment was actually rendered without any objection from him that he was misnamed in the complaint. To this conclusion the authorities are overwhelming, if not unanimous (33 Corp. Jur. 1200, § 132), and our own decisions are clearly and specifically in accord (Naftel Dry Goods Co. v. Mitchell, 212 Ala. 32, 101 So. 653; Tarleton v. Johnson, 25 Ala. 300, 310, 60 Am. Dec. 515; M. & M. Ry. Co. v. Yeates, 67 Ala. 164; Lehman, Durr & Co. v. Warner, 61 Ala. 455).

[2] As observed in the last-cited case, "When it becomes necessary to aver or plead the judgment, the real party, notwithstanding the mistaken name, may be connected with it by averment of his proper name."

[3] If such a judgment is binding on the misnamed defendant in his own proper name, when duly identified, it is certainly binding on his insurer, as seems to be fully conceded by counsel for appellant.

We are not concerned here with the principles that restrict the right of a plaintiff to amend the record of his judgment nunc pro tunc, as argued by counsel for appellant, for such an amendment is not proposed, nor is it at all necessary to the attainment of the relief sought by the complainant in this bill. The demurrer to the bill, as amended, was properly overruled.

The only other question presented is upon the respondent company's demurrer challenging the right of its correspondent, the Shop, Inc., to maintain its cross-bill against the demurrant.

[4] As to this it will be sufficient to say that, although the statute (Code, § 8377) gives no right of suit against the insurance company in favor of one of several joint defendants in judgment who is not insured under the contract of insurance, even when the insured defendant is, as to his codefendants, primarily liable, yet, when it appears, as here, in a suit like this, that the insured defendant is primarily liable to the plaintiff, that he had contracted with his codefendant to include him as a beneficial party in the protection of the policy, and that the insurance company voluntarily assumed and conducted the entire defense of the suit in behalf of both defendants, we think that the uninsured defendant shows an equitable interest in the contract of insurance, and an equitable right to have it applied to the satisfaction of the joint judgment. We do not mean to hold that this cross-complainant could maintain an original bill for that purpose, for that question is not before us; but, the parties being before the court under the original bill, all subordinate and dependent equities may and should be settled in this suit, so that the various rights of the parties, growing out of the main issue and subject-matter, and related thereto, may be finally determined. Kimball v. Cunningham Hdw. Co., 197 Ala. 631, 73 So. 323; Hause v. Hause, 57 Ala. 262; Ware v. Russell, 70 Ala. 174, 45 Am. Rep. 82; Price v. Carney, 75 Ala. 546. We

think the cross-bill is not subject to 'any of the grounds of the demurrer.

Finding no error in the rulings of the trial court, the decree appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.