### FIELDS, INC v EVANS

Ohio Appeals, 6th Dist, Lucas Co
No. 2195. Decided November 18, 1929

Mr. Frank M. Sala, Toledo, for Fields, Inc.

Messrs. J. M. Evans, and E. D. Straw, Toledo, for Evans.

WILLIAMS, J.

The defendant in error has filed a motion to strike the bill of exceptions from the files. This motion was submitted to this court for determination some time since and while it was under consideration by the court counsel for plaintiff in error sought and obtained a correction of the record by an entry nunc pro tunc in the court below. The correction thus made leaves the record in such a state that the motion is not well-founded and, no error having been prosecuted to the making of the entry nunc pro tunc, the defendant in error cannot complain, even if it was irregularly and erroneously made. **Webb vs. Bond & Share Co., 115 Ohio St., 247, 257.**

The action in the court of common pleas was one for personal injuries sustained by plaintiff, Emma Jane Evans, by being burned while receiving a permanent wave in a beauty shop operated in the store of the defendant, Fields, Incorporated, on Adams Street in the City of Toledo, Ohio. Upon trial there was a verdict and judgment in favor of the plaintiff for $750.00. The defendant below, feeling aggrieved, brings this proceeding in error.

One of the chief contentions of counsel for plaintiff in error is that the verdict is manifestly against the weight of the

evidence. There is evidence in the record tending to show that Fields, Incorporated, published advertisements in Toledo papers to the affect that they would give an Eugene permanent wave at the price of $8.00, and attached to the bottom of this advertisement were the words "Fields, 415 Adams Street", and that the plaintiff, desiring such a wave, responded to the advertisements and went into the store of the defendant and into the beauty parlor which was, to all appearances, a part of the store, without any knowledge that it was run by a person other than the defendant, and received the treatment during which the burn was sustained. In putting this wave into the hair a machine was used which was placed upon the head and heat applied through electricity. There is also evidence tending to show that plaintiff complained that she was being burned and that she received assurance from the operator that she was not and that after the complaints were made the operator continued to apply the heat until it had been applied for a period of twelve minutes from the inception of the application thereof. There was no claim made that the machine was defective. The defendant offered evidence tending to show that Edgar E. Higgins was the owner and operator of the beauty shop and that plaintiff knew thereof and to show that the operator asked the plaintiff, in substance, whether the heat was too great and that she replied it was not, and that the plaintiff made no complaint at any time.

Where a corporation holds itself out as the owner or proprietor of such a beauty shop, located within its own store building and apparently a part of its store, and a person comes to such store, goes in and therefrom enters the beauty shop for the purpose of obtaining service, without knowledge that a third person is the owner and proprietor and has control of the beauty shop, but relying and having a right to rely wholly upon the holding out of such person or corporation, such corporation so holding itself out is liable for the actionable negligence of the operator in the beauty shop in giving treatments.

Augusta Friedman's Shop, Inc. vs Yates, 216 Ala., 434; 113 So., 229;
Mary F. Harmon vs. Siegel-Cooper Co., 167 N. Y., 224;
**Ensel vs. Levy, 46 Ohio St., 255, 260.**

Upon all the issues the evidence is very conflicting and we are not convinced that the verdict is manifestly against the weight of the evidence.

An examination of the charge discloses that the court carefully followed the rules of law in instructing the jury on the issues involved in the case.

We do not find that the court erred to the prejudice of plaintiff in error in the admission and rejection of evidence.

As there is no reversible error apparent upon the face of the record, the judgment will be affirmed.

Lloyd and Richards, JJ., concur.