(129 So. 15)
UNITED STATES FIDELITY & GUARANTY
CO. v. REMOND et al.

6 Div. 396.

Supreme Court of Alabama.

June 5, 1930.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Leader & Ullman and Bradley, Baldwin, All & White, all of Birmingham, for appellees.

BOULDIN, J.

Marie Yeates recovered a judgment against N. W. Remond and Augusta Friedman's Shop, Inc., for personal injuries. The judgment was affirmed on appeal of Augusta Friedman's Shop, Inc. Friedman's Shop v. Yeates, 216 Ala. 434, 113 So. 299.

The judgment remaining unsatisfied the original bill in this cause was filed by plaintiff against the defendants and United States Fidelity & Guaranty Company, the carrier of liability insurance in favor of N. W. Remond.

It was a statutory bill under Code, §§ 8376, 8377. The equity of the original bill was challenged on the ground that N. W. Remond was sued under the name of Wm. R. Remond. This defense was held unavailing upon principles declared on appeal from a ruling on demurrer. United States Fidelity & Guaranty Co. v. Yeates, 217 Ala. 150, 115 So. 174.

An issue of fact was made on the question of forfeiture by breach of the co-operation clause in the policy of insurance, which reads: "Condition F. The assured shall not voluntarily assume any liability, nor incur any expense, other than for immediate surgical relief as is imperative at the time of an accident, nor settle any claims except at the Assured's own cost. The Assured shall not interfere in any negotiation for settlement, nor in any legal proceedings, but whenever requested by the Company, and at the Company's expense, the Assured shall aid in securing information and evidence and the attendance of witnesses, and shall co-operate

with the Company (except in a pecuniary way) in all matters which the Company deems necessary in the settlement of claims, defense of any suit or prosecution of any appeal."

Kindred clauses have been construed and their breach considered in Metropolitan Casualty Ins. Co. of N. Y. v. Blue, 219 Ala. 37, 121 So. 25, and George v. Employers' Liability Assurance Corporation, Ltd., 219 Ala. 307, 122 So. 175.

We note some difference in language between the conditions incorporated in the policies considered in these former decisions and that in the present policy.

Without dealing with the legal effect of such differences, we may say the present condition clearly imports the insured shall keep hands off in the lawsuit, shall aid in securing information and evidence when requested by the insurer, and shall co-operate "in all matters which the Company deems necessary."

The insurer did not meet the burden of proof on this issue. No review of the evidence need be given.

■ Moreover, no question of non co-operation was raised at the time of the trial, no withdrawal from the defense, no request for postponement, but permitting without objection a judgment by default for failure to answer statutory interrogatories, if not actually encouraging such course, proceeded to represent the insured along with the codefendant throughout the trial.

There was a waiver of the forfeiture for non co-operation if there was any breach of such condition. Miller v. Union Indemnity Co., 209 App. Div 455, 204 N. Y. S. 730; U. S. F. & G. Co. v. Williams, 148 Md. 289, 129 A. 660; Schoenfeld v. New Jersey F. & P. Glass Ins. Co., 203 App. Div. 796, 197 N. Y. S. 606; N. Y. Consol. R. Co. v. Mass. B. & Ins. Co., 193 App. Div. 438, 184 N. Y. S. 243; Bradley v. Ill. Auto Ins. Exchange, 227 Ill. App. 572; Finkelberg v. Cont. Cas. Co., 126 Wash. 543, 219 P. 12; 36 C. J. 1077, § 49, and notes.

The authority of these cases is recognized in Metropolitan Cas. Ins. Co. of N. Y. v. Blue, 219 Ala. 37, 121 So. 25, 29.

■ Augusta Friedman's Shop, Inc., respondent to the original bill, filed a cross-bill seeking to make the insurance indemnity held by its codefendant available for its protection in the satisfaction of such judgment.

The nature of this cross-bill sufficiently appears from the statement of facts by Mr. Justice Somerville in United States Fidelity & Guaranty Co. v. Yeates, 217 Ala. 150, 115 So. 174, and, the following excerpt from that opinion: "As to this it will be sufficient to say that, although the statute (Code, § 8377) gives no right of suit against the insurance company in favor of one of several joint defendants in judgment who is not insured under the contract of insurance, even when the insured defendant is, as to his codefendants, primarily liable, yet, when it appears, as here, in a suit like this, that the insured defendant is primarily liable to the plaintiff, that he had contracted with his codefendant to include him as a beneficial party in the protection of the policy, and that the insurance company voluntarily assumed and conducted the entire defense of the suit in behalf of both defendants, we think that the uninsured defendant shows an equitable interest in the contract of insurance, and an equitable right to have it applied to the satisfaction of the joint judgment. We do not mean to hold that this cross-complainant could maintain an original bill for that purpose, for that question is not before us; but, the parties being before the court under the original bill, all subordinate and dependent equities may and should be settled in this suit, so that the various rights of the parties, growing out of the main issue and subject-matter, and related thereto, may be finally determined. Kimball v. Cunningham Hdw. Co., 197 Ala. 631, 73 So. 323; Hause v. Hause, 57 Ala. 262; Ware v. Russell, 70 Ala. 174, 45 Am. Rep. 82; Price v. Carney, 75 Ala. 546." 217 Ala. 150, 115 So. pages 175, 176.

Approving and adopting what is there said as the law of the case, we merely add the evidence sustains the averments of such cross-bill, and so supports the equity there set up.

■ On the appeal of Augusta Friedman's Shop, Inc., from the original judgment at law, a supersedeas bond was given with Fidelity & Deposit Company of Maryland as surety. On affirmance in this court (Friedman's Shop v. Yeates, 216 Ala. 434, 113 So. 299) judgment was rendered against such appellant and surety for the debt, with 10 per cent. damages and costs.

Augusta Friedman's Shop, Inc., also held a liability indemnity policy in Travelers' Insurance Company.

After the judgment at law was affirmed and pending this bill, Fidelity & Deposit Company, surety on the supersedeas bond, and Travelers' Insurance Company, insurance carrier for Augusta Friedman's Shop, Inc., by mutual arrangement paid the judgment, each paying one half.

Meantime Augusta Friedman's Shop, Inc., had been adjudicated a bankrupt, and Francis B. Latady became trustee of the bankrupt estate.

Fidelity & Deposit Company filed its petition showing its payment of the judgment as surety on the supersedeas bond, claimed a right of subrogation to all the rights and remedies of the plaintiff in the judgment un-

der Code, §§ 9553, 9567, and prayed that this suit proceed in the name of Marie Yeates for the use of petitioner. Plaintiff consenting, the petition was granted over the objection of U. S. Fidelity & Guaranty Company.

The trustee in bankruptcy also appeared and petitioned that all proceedings for and against the bankrupt estate of Augusta Friedman's Shop, Inc., bankrupt, proceed in his name.

Fidelity & Deposit Company then filed a further amended bill setting up the above facts, and the further fact that Latady, trustee, had paid to the Deposit Company a dividend out of the bankrupt estate of Augusta Friedman's Shop, Inc.

The amended prayer asked a settlement of the equities between all the parties, including an apportionment of the insurance money due from United States Fidelity & Guaranty Company, between the Fidelity & Deposit Company, Latady as trustee, and Travelers' Insurance Company of Hartford, Conn., as their equities should appear.

The trustee by cross-bill asked a refund of the dividend paid out of the bankrupt estate.

Travelers' Insurance Company, by cross-bill, set up the primary liability of Remond for the tort, the right of Augusta Friedman's Shop, Inc., to the primary indemnity due him, and asserted the right in equity to succeed to such indemnity by reason of payment under their policy issued to Augusta Friedman's Shop, Inc.

By the final decree, United States Fidelity & Guaranty Company was required to pay the amount of the judgment, costs, and damages into court, and distribution was made between Fidelity & Deposit Company, Latady trustee, and Travelers' Insurance Company, as prayed.

This is the decree now for review.

We think the whole matter turns on two inquiries:

First, was Remond primarily liable for the tort? This must be answered in the affirmative. He was the active wrongdoer in person and by those in his employ and control, and it appears under his direct supervision at the time. The liability of Augusta Friedman's Shop, Inc., was secondary, growing out of its actual or constructive relations to Remond.

Second: Did the primary indemnity insurance issued to him inure in equity to his codefendant? This was declared on former appeal, now supported by the evidence.

Neither Fidelity & Deposit Company nor Travelers' Insurance Company were volunteers. Without regard to conventional subrogation where one furnishes money to discharge the obligation of another with agreement that the latter succeed to his security or indemnity, the contractual obligation they were under toward Augusta Friedman's Shop, Inc., was sufficient to justify their payment of the demand without prejudice to the rights of all parties to have the demand ultimately paid out of the fund primarily liable therefor. They were properly permitted to step into the shoes of plaintiff-complainant and of Augusta Friedman's Shop, Inc., in the litigation.

We cannot see upon what ground the statutory penalty of $400 added on the appeal to this court from the original judgment at law, and the costs of such appeal were included in the decrees in this cause.

That appeal was prosecuted by Augusta Friedman's Shop, Inc., of its own accord, without participation by the insurer, United States Fidelity & Guaranty Company.

The entire liability here is upon the policy giving the insurer control of the litigation. Unless it disclaims liability and declines to defend, the insured is not to interfere.

The several cross-bills here proceed on the theory that the insured did assume the defense as to both defendants.

If the insured declined to appeal and one defendant, not willing to have the judgment stand or not content to risk its claim for indemnity, took an appeal on its own behalf, the added costs and penalties incurred by an unsuccessful appeal may not be passed on to the insurer. This would be without the letter or spirit of such insurance policies.

There was error in including these items. The record does not sufficiently advise us of the costs of such appeal. If it did, we should here correct and affirm.

The decree granting relief is affirmed, and is reversed only as to the amount decreed to Fidelity & Deposit Company and to Travelers' Insurance Company, and remanded with direction to eliminate the amount of such penalty and cost entering into such decrees.

The cost of this appeal in this court and the court below will be taxed one-half to United States Fidelity & Guaranty Company, one-fourth to Fidelity & Deposit Company of Maryland, and one-fourth to Travelers' Insurance Company of Hartford, Conn.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.