Marguerite Mary Higgins, a Minor, by William F. Higgins, her Father and Next Friend, Appellee, v. Peggy Byrnes, Trading as Delmar Beauty Salon, Appellant.

**Gen. No. 37,348.**

Heard in the first division of this court for the first district at the February term, 1934. Opinion filed April 2, 1934.

SAMUEL L. COHEN, for appellant; JULIUS L. KABAKER, of counsel.

CAVANAGH & CROWLEY, for appellee; JOSEPH P. BRODIE, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Marguerite Mary Higgins, hereafter called plaintiff, 16 years of age in May, 1932, at that time, accompanied by her mother, went to the Delmar Beauty Salon, hereafter called defendant, for the purpose of obtaining a permanent wave of her hair; she was burned by the apparatus used and, bringing suit for compensation for injuries sustained, had a judgment for $300, from which defendant appeals.

Defendant was paid $2.50 for a permanent wave and plaintiff was placed in charge of an operator, Minerva McBrayne, who applied the apparatus customarily used; this involves coilers which are wound into the hair, and then, as a witness testified, "a machine is placed upon the head" and the electricity and heat are turned on.

Plaintiff complained to the operator at least four times of the excessive heat on her head and the operator each time put cotton on the spot where plaintiff

said it was hurting. When plaintiff returned home her head was still hurting and she applied some ointment to a red spot on the left side of her head right above her ear; home remedies were applied and then she was taken to a Dr. Hamilton who treated her about 20 times. The doctor testified as to the character of the injury and his treatment, and gave as his opinion that plaintiff would have more or less of a scar at this place the rest of her life, and that hair would not grow on the scarred surface. Plaintiff testified that hair did not grow on this spot.

It is established beyond controversy that plaintiff was burned, either because of a defect in the apparatus or some lack of skill in applying it. There was opinion testimony that the apparatus was not defective; if this were the fact there must have been unskilful operation of the apparatus which caused the injury to plaintiff.

In *Gavin v. Kluge*, 275 Mass. 372, the plaintiff while receiving a permanent wave was burned on the scalp. The opinion describes in detail the machine which was used. The court said that while there was no evidence that the apparatus was defective, the inference was justified ''that the apparatus and the process were such—and known to the defendants to be such—that if precautions were not taken to protect the plaintiff's scalp from the heated spindles her scalp would be burned,'' and that the trial court could find that had defendant taken proper precautions, such as the careful insertion of cotton above the scalp or some act equally effective, before the heating process began, in order to keep the bases of the spindles or coilers from coming into direct contact with the scalp, plaintiff would not have been burned; that the court could properly infer that such failure caused the plaintiff's injury and that this was a failure to exercise the ordinary skill and ability of persons engaged in this busi-

ness. The opinion also said that when the plaintiff submitted herself to have her hair treated by the defendants she did not assume the risk of their being negligent. The facts in that case are precisely like those in the instant case and we are in accord with the views expressed in that opinion.

In *Fields, Inc. v. Evans,* 36 Ohio App. 153, 172 N. E. 702, the plaintiff was burned in receiving a permanent wave in a beauty shop of the defendant. The judgment for the plaintiff was affirmed. In *Augusta Friedman's Shop, Inc. v. Yeates,* 216 Ala. 434, the plaintiff was burned while receiving a permanent wave in the shop of the defendant. The court held that the evidence tended to establish the fact that plaintiff's scalp was injured through the negligence of one of the employees of defendant, and the judgment for plaintiff was affirmed. In *Cornwell v. Leiter Bldg. Stores, Inc.,* 259 Ill. App. 460, a judgment for plaintiff, whose scalp was burned while receiving a permanent wave, was affirmed.

There being no evidence that the apparatus used was defective, it follows that the injury to plaintiff was caused by the failure of defendant's operator to use the necessary precautions to protect plaintiff's scalp by the use of cotton or some other effective means, and this failure was negligence.

Defendant cites *Kraus v. Becker, Ryan & Co.,* 265 Ill. App. 525, where the facts are very similar to those in the instant case. Some distinguishing facts might be suggested but we do not indicate them, for we are of the opinion that the view expressed in the majority opinion is not in accord with other reported decisions in like cases. We cannot assent to what is held in that opinion.

*Bollenbach v. Bloomenthal,* 341 Ill. 539, involved the breaking of a tooth by a dentist who was extracting it, a small piece going down into plaintiff's trachea and

into her lung; the evidence showed the tooth was brittle and broke into many minute pieces; that the dentist, an experienced man, did not have complete control of the tooth, as its brittle condition could not always be reckoned with, and hence the dentist could not be liable for a mishap he could not control. This, obviously, is not applicable to the instant case, where the appliances used were under the control of the defendant.

We find nothing in the record upon which to base the argument that an assignment of the right of action arising out of personal injuries is void. There was no assignment of this sort. The declaration alleged that the parents of the minor child assigned to plaintiff their right to recover for moneys expended for medical treatment of plaintiff. The record further shows that this question was not raised upon the trial.

The amount of the judgment was very modest, and as defendant is clearly liable, it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.