CHARLES vs. MILLER.

[BILL IN EQUITY FOR DISSOLUTION AND SETTLEMENT OF PARTNERSHIP.]

1. *Agreement of counsel, for entry of decree by consent, enforced against party.* Under a bill for the dissolution and settlement of a mercantile partnership, a written agreement between the counsel of the respec-

Charles v. Miller.

tive parties, stating the terms of a decree to be entered up by consent, held to have been properly enforced by the chancellor, against the objection of one of the parties, supported by his own affidavit, on the ground of errors and mistake; the affidavit being controverted by the oath of the opposite party, and no evidence being adduced in support of it.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by William Miller, against David Charles, asking the dissolution and settlement of a mercantile prrtnership then existing between them, and the appointment of a receiver to take charge of the partnership business in the meantime. The defendant filed an answer, admitting the necessity for a dissolution and settlement, and concurring in the prayer of the bill; and the chancellor then made a decretal order, appointing as receiver a person selected by the parties, and referring the matters of account to the master. The master reported at the next term, that the parties and their solicitors appeared before him, on the day appointed for stating the account, " and consented that he should be relieved from executing the order of reference, and, in lieu thereof, should report a decree as agreed on by consent of parties." The decree and agreement referred to, which were made a part of the report, were as follows:

"William Miller       In Chancery: Eighteenth District,
       vs.                Middle Chancery Division, of the
David Charles.         State of Alabama.

"By consent of the parties to this cause, it is ordered, adjudged, and decreed, that the said William Miller pay to the said David Charles the sum of $963 36; upon the payment of which sum, all the assets of the firm of Miller & Charles, both in the hands of the receiver appointed by this court, and in the hands of the said David Charles, if any, be delivered over to the said William Miller, to be held by him as his own property; that upon such payment and delivery, all the said partnership transactions between the said parties be considered as finally closed and settled, and the individual accounts of said parties

Charles v. Miller.

·to said firm canceled, as well as the amounts which may 'be due from the said David Charles to the receiver in this cause, for goods sold; that the said William Miller pay the note to James G. Harris, the indebtedness of the firm :for patent medicines, and its indebtedness to the post-office department; and that this decree be a lien on the assets of said firm in the hands of said receiver, for the payment of said sum of $963 36, by said William Miller. 'It is further ordered and decreed, that this cause be referred to the register of this court, to inquire and report, at the present term, what would be a proper compensation to the receiver, and the amount of all the other costs in the cause; and that when the same shall be reported, ·each party shall pay one-half of all the costs, including compensation to the receiver,—for which several amounts execution may issue.

"It is agreed by the parties in the above entitled cause, that the register be relieved from executing the order of reference in said cause, as directed by the decree pronounced at the February term, 1859, and, in lieu thereof, report the foregoing decree as agreed upon by consent of parties; and that the same be entered as the decree of the court, at the next term thereof."

(Signed by the counsel of both parties.)

At the term to which the master's report was made, the defendant filed his petition, supported by his own affidavit, alleging and specifying several errors and mistakes in the estimates and calculations on which the terms of the consent decree were based, and asking that the report and decree might be set aside. The complainant filed an answer to this petition, denying the existence of the alleged mistakes, and appending to his answer an affidavit of its truth. The court thereupon rendered a decree, overruling the defendant's motion, confirming the master's report, and ordering the enrolment of the decree by consent; and this decree, which is here assigned as error, recites that no other evidence than the affidavits of the parties was adduced before the chancellor on the hearing of the defendant's motion.

Charles v. Miller.

S. W. COCKRELL, for the appellant, cited 1 Greenl.. Ev. 206; Harvey v. Thorpe, 28 Ala. 250; Rosenbaum v... The State, 33 *ib*. 362; Beach v. Shaw, 4 Barbour, 288.

S. F. HALE, *contra*.

A. J. WALKER, C. J.—There can be no doubt of the power of a court to carry into effect the solemn and formal and written agreements of counsel, in reference to proceedings in the causes which they represent.—Harvey and Wife v. Thorpe, 28 Ala. 250; Starke & Moore v. Kenan, 11 *ib*. 818; Rosenbaum v. State, 33 *ib*. 362; *Ex-parte* Lawrence, in manuscript. Indeed, the Code (§ 743) expressly provides, that "an attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such cause, made in writing, or by an entry to be made on the minutes of the court."

The question, whether it is not the duty of the court, where an agreement of counsel has been made improvidently or by mistake, or has been procured by fraud, to withhold an enforcement of it, does not belong to this case. The facts stated in the appellant's petition as reasons for setting aside the agreement, supported by his affidavit, were controverted by the answer of the adverse party, also supported by affidavit. The petition for setting aside the agreement, and the report based upon such agreement, being thus denied, it devolved upon the petitioner to sustain his assertion of facts by proof; and, as he did not do so, the chancellor properly disregarded the petition. It would have been improper for the chancellor to have acted upon the supposition that the agreement had been made improvidently, or by mistake, when there was no evidence of the fact, save the appellant's own affidavit, which was controverted by that of the opposite party. There was no error committed by the chancellor in not making a reference of the questions of fact to the register, or in not continuing the case to afford an opportunity for taking testimony, when neither of those things was asked by the appellant.

The decree of the court below is affirmed.