# Armstrong, *et al. v.* O'Neal, Governor.

*Mandamus to Compel the Ordering of an Election to Remove a County Seat.*

(Decided April 4, 1912.   58 South. 268.)

1. *Mandamus; Removal of County Seat; Decision of Governor; Judicial Review.*—The provisions of section 206, Code 1907, requires the governor receiving the petition to determine whether it was made in good faith by persons desiring a removal of the county seat, and where he has reason to believe that it was not so made he must not entertain it; and this is true though it is stipulated that the only question submitted for determination by him on the petition was whether he had authority as a matter of law to order the election as prayed for, and his order denying such election is not reviewable by mandamus.

2. *Same; Enforcement of Legal Right.*—Unless the relator therein has a clear legal right to the thing demanded, and unless it is the imperative duty of respondent to perform the acts required, mandamus does not lie.

3. *Same.*—Where the governor has exercised his discretion by denying a petition for an election for the removal of the county seat of a county, mandamus has no office to perform.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Petition by B. W. Armstrong and others, for mandamus to compel the governor to order an election in Geneva county on the question of the removal of the county seat. There was judgment of dismissal rendered upon an order sustaining demurrers to the petition, and petitioner appeals. Affirmed.

ESPY & FARMER, for appellant. The authority for this proceeding is found in the provisions of section 175, Code 1907. The Constitution itself authorizes an election every four years.—Sec. 41, Constitution 1901. Notwithstanding the exceptions, section 175 is a general law.—*Ex parte Owens*, 148 Ala. 402; *Brown v. Potter*, 145 Ala. 541; 36 Cyc. 992. Construction should be given to exceptions which will render them valid. The court should not put an arbitrary construction upon a legislative act, and if the Legislature has made an arbitrary classification in plain and unequivocal language, it will fall.—113 Am. St. Rep. 673; 117 N. W. 946; 124 N. W. 635. The Supreme Court of Alabama has indicated that they intended to put on brakes in declaring local laws to be general laws, so as to avoid the necessity of publication.—*Saltsman v. Weakley*, 153 Ala. 653. Unless classification has relation to subject matter of legislation, and is based on some reasonable distinction, it cannot stand.—42 N. J. L. 439. It seems under the authorities that the classification here attempted is of that character of classification declared arbitrary, and therefore void.—42 N. J. L. 488; 50 N. W. 970; 122 Pa. St. 266; 49 N. W. 318; 124 N. W. 635; 117 N. W. 610, and authorities supra.

[Armstrong, et al v. O'Neal, Governor.]

R. C. BRICKELL, Attorney General, W. O. MULKEY, and C. D. CARMICHAEL, for appellee. The relief here sought is not obtainable under a writ of mandamus.— *State v. Hamil,* 97 Ala. 107; *State v. Williams,* 69 Ala. 311; *Dunbar v. Frazer,* 78 Ala. 538. The provisions of section 14, Constitution of the United States, are satisfied if all persons similiarly situated are treated alike in privileges conferred, or liabilities imposed.—170 U. S. 293; 174 U. S. 106; 172 U. S. 562; 128 U. S. 582; 198 U. S. 621. Of course, there is nothing in the provision of our Constitution in conflict with the legislation here in question.

SAYRE, J.—Appellant, alleging that he, along with others constituting a majority of the qualified electors of Geneva county, had filed their petition in writing with Governor O'Neal, praying that an election be held in that county for the purpose of determining whether the county seat should be removed from the town of Geneva to the town of Hartford, and that the governor had denied the petition, went into the circuit court of Montgomery, asking that a writ of mandamus be awarded to compel the governor to order an election for the purpose indicated. The circuit court sustained a demurrer to the petition for mandamus, and the petition having been dismissed for want of amendment, this appeal was taken.

Other reasons might be assigned in justification of the court's refusal to interfere, or attempt to interfere, with the governor's action; but we will content ourselves with the statement of one which seems to us to be entirely sufficient. In determining whether an election shall be held for the removal of a county seat, the governor, provided he acts within the limits of his jurisdiction, that is, on a case properly presented to him

under the statute, exercises a judgment and discretion which cannot be reviewed or controlled by the writ of mandamus. This is made clear by section 206 of the Code in these words: "The Governor shall not entertain any petition hereunder which he may have reason to believe is not made in good faith by persons desiring a removal of the county seat. If two or more bona fide petitions with respect to the proposed removal of the county seat of a county to two or more different points in the county shall be pending before the Governor for the appointment of commissioners, the Governor shall favor the proceeding which, in his judgment, is best calculated to result in a permanent location of the county seat." It is alleged in the petition for the writ that, on the submission to the Governor of the petition for an election, it was admitted that more than a majority of the qualified electors of the county had signed the same; that a new courthouse had been built in the town of Geneva in the year 1898; that said courthouse was burned on March 15, 1911; that there was at the time no courthouse in the county; and that "the only question submitted for the consideration and determination of the Governor was whether or not he had the authority, as a matter of law and as Governor, to order the election as prayed for in said petition." It will be observed that the foregoing statement of an agreement, which we may suppose was entered into by parties appearing before the Governor for and against the proposed election, does not commit the Governor. Nor could he be so committed. In determining whether an election should be ordered under the statute, the Governor exercises the power of his office in the decision of a question of public concern, not a controversy as to private right. Notwithstanding such agreement, it was the Governor's duty to inquire, not only

[Armstrong, et al v. O'Neal, Governor.]

whether a majority of the qualified electors of the coun-
ty had signed the petition for an election, but whether
the petition was made. in good faith by persons desiring
a removal of the county seat, and, if he had any reason
to believe it was not so made, it was his duty not to en-
tertain it.  In other words, so many and divers consid-
erations influence persons to sign petitions, and they
are so often signed without consideration, that the Leg-
islature has required the Governor to dismiss from con-
sideration any petition as to the bona fides of which
there may appear to him to exist grounds of suspicion,
and this though the petition be incontestably signed by
a majority of electors.  The statute provides no method
of review, but it is evident that the courts, in under-
taking on general principles to revise the results of any
such inquiry, would find it necessary to move over very
uncertain ground.  They would never be able to say
with any sort of confidence that the Governor did not
refuse to entertain a petition because he had reason
to believe it was not made in good faith by persons de-
siring a removal of the county seat.  In short, the or-
dering of an election is left to the discretion of the Gov-
ernor (*State ex rel. Brown v. Porter*, 145 Ala. 541, 40
South. 144), and that discretion is of such nature as
to exclude the notion of a review by the courts in any
manner.  Where the application is for mandamus, it is
essential that the relator have a clear legal right to the
thing demanded, and it must be the imperative duty of
the respondent to perform the act required.—*Minchener
v. Carroll*, 135 Ala. 409, 33 South. 168.  And in any
event, the Governor having exercised his judgment and
discretion by denying the petition, there is no office to
be performed by the writ of mandamus.—*Taylor v. Kolb*,
100 Ala. 603, 13 South. 779; *Ramagnano v. Crook*, 85
Ala. 226, 3 South. 845; *Dunbar v. Frazer*, 78 Ala. 538.

It cannot be doubted that the Legislature had these decisions in mind when passing the statute, and intended to give to the Governor's action that conclusive character and effect which we have assigned to it. So, then, though it be conceded that appellant had a good case in every other respect, a concession we are far from making, his application for the writ of mandamus was properly refused on the ground indicated.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, and SOMER-VILLE, JJ., concur. McCLELLAN and MAYFIELD, JJ., not sitting.