# Hoover *v.* Miller, *et al.*

### Assumpsit.

(Decided January 18, 1917. 73 South. 817.)

1. **Attorney and Client; Powers; Accepting Payment.**—An attorney has no authority to accept a transfer of a running account against a third person as a credit on a promissory note held by his client in lieu of pay, unless such power is especially conferred.

2. **Same; Jury Question.**—Where there was evidence sufficient to justify an inference that an attorney had been expressly authorized to accept the transfer of a running account as a credit upon a promissory note in lieu of cash that question became one for the jury.

APPEAL from Covington Circuit Court.

Heard before Hon. A. B. FOSTER.

Assumpsit by R. G. Hoover against Grffiin Miller and others. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

It appears that the note was executed by the Central Hardware Company, and was indorsed by defendant to plaintiff; the note being payable to the order of Griffin Miller. While Hoover was testifying he stated:

That he had a transfer of the Anderson account due the Central Hardware Company, and had had it since about July last. "Mr. Reeves was my attorney at that time, and he got that transfer and kept it for me up to this time. I knew he had it, but I haven't gotten any money out of it. I do not know, but I think my attorney said something of the kind that he had transferred it on the books of the Central Hardware Company before it went

into bankruptcy. I instructed him to get the transfer of the Anderson account."   .

JONES, POWELL & REEVES, for appellant. J. MORGAN PRESTWOOD, for appellee.

GARDNER, J.—Appellant brought this suit against the appellees as indorsers of a certain note executed to Griffin Miller by the Central Hardware Company, of Florala, Ala., bearing date January 2, 1914, and payable October 1, 1914. The suit was defended by said Miller, one of the indorsers; and the issues presented for determination by the jury concerned certain credits which, it was contended, the plaintiff had agreed should be allowed on said note. One of these credits related to what is termed in appellee's brief, "the Anderson claim." It was insisted that one Anderson was indebted to the Central Hardware Company in the sum of $173.33, and that this claim or account was duly transferred to and accepted by plaintiff, with the understanding that the same should be credited on the note here sued on.

At the time of the transfer of the Anderson claim the note was in the hands of plaintiff's attorney for collection. A transfer was drafted by plaintiff's counsel, and the evidence for defendant tended to show that it was agreed at the time that this account should be placed as a credit on the note. Plaintiff insists that, notwithstanding the transfer of this account was made by his counsel, he was not authorized to accept the same as a credit on the note.

(1) It could not be contended, of course, that the attorney would have the authority to accept the transfer as a credit on said note in lieu of the cash, merely by virtue of his employment, and the relationship of attorney and client.—*Robinson v. Murphy,* 69 Ala. 543. Speaking to the question this court in the above-cited case said:

"But entering into bargains or contracts by which the debt of the client is released or discharged without full payment in money, is not one of his general powers. If the power is not specially conferred, the validity of all such bargains or contracts, so far as they affect the client, depends upon his ratification. He may ratify or repudiate as he may believe most conducive to his interest."

[Oil Well Supply Co. v. West Huntsville C. M. Co.]

It is urged by counsel for appellant that the evidence was insufficient to warrant the submission to the jury of the question whether plaintiff's counsel had the authority, specially conferred by his client, or whether the client subsequently ratified counsel's action.

(2) We deem it unnecessary to enter into a discussion of the evidence bearing on this question. Suffice it to say, it has been most carefully examined, and we have reached the conclusion that there was evidence sufficient to authorize a reasonable inference by the jury that the attorney had been clothed with such authority by his client. It was therefore a question for the jury's determination.

We have also examined the evidence in the case in the light of the insistence of appellant's counsel that his motion for a new trial should have been granted. After a careful consideration of the evidence in the record we are not persuaded that reversible error could be rested upon the ruling of the court denying the motion.

We have considered the two important questions presented by this appeal. The one or two remaining questions not here discussed have, however, been considered, and we deem them to be not of sufficient importance to require separate treatment. Suffice it to say, they present no reversible error.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.