(96 South. 704)

**CLOE, Com'r of Public Safety, v. STATE ex rel. HALE.     (6 Div. 917.)**

(Supreme Court of Alabama.   May 31, 1923.)

**1. Mandamus ⬅️10—Relator's right must be clear and respondent's duty imperative.**

It is essential for the granting of mandamus that relator have a clear legal right to the thing demanded, and that it be respondent's imperative duty to perform the act required.

**2. Municipal corporations ⬅️703(1)—No natural or inherent right to operate as common carrier on streets.**

In view of Const. 1901, § 220, providing that no one shall be authorized to use streets for operation of a public utility without first obtaining the consent of the proper city authorities, one has no natural or inherent right to operate motor vehicles as common carrier on streets.

**3. Licenses ⬅️22—Birmingham city ordinance held to make granting of license for motor bus discretionary.**

Under ordinance of Birmingham requiring one desiring to operate motor bus for carriage of passengers to obtain license, to file application therefor, giving certain information, with the commissioner, who shall make investigation and report to the commission, which shall grant or refuse a license, but shall not grant one, if the maximum number of busses provided by the ordinance for the route desired has been licensed, till there is a vacancy, the granting of license and the number of busses that shall be licensed to one operator is discretionary, though the maximum number has not been reached.

**4. Licenses ⬅️21—Under Birmingham city ordinance, authority to pass on licenses for motor bus in commission, not commissioner.**

Under Birmingham city ordinance, authority to pass on merits of application for license for motor bus and to grant license *held* to be not in the commissioner of public safety, but in the city commission as a whole.

**5. Mandamus ⬅️166—Petition not aided by reply.**

Reply to answer in mandamus is no part of the petition, and cannot supply matter wherein the petition is deficient.

**6. Licenses ⬅️9(2)—Ordinance not repealed by unwarranted assumption of power and acquiescence therein.**

An ordinance providing for the city commission passing on application for and granting or refusing license cannot be repealed or suspended by the unwarranted assumption of the power by the commissioner of public safety and the acquiescence of the city government therein.

**7. Licenses ⬅️22—Applicant unable to procure application form from city may draft one for himself.**

Though an ordinance provides that one desiring to operate a motor bus must make application for a license on a form to be provided by the city, setting forth certain matter, a person unable to procure an application form from the city may draft one for himself, and file it.

**8. Mandamus ⬅️87—Proper remedy to compel officer to perform duty imposed by ordinance to report on application for license.**

The commissioner of public safety failing to make and report findings to the city commission on an application for a license for motor bus, as required by ordinance, mandamus to compel him to do so may be the appropriate remedy of the applicant.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Petition by the State of Alabama, on the relation of W. S. Hale, for writ of mandamus to W. B. Cloe, as Commissioner of Public Safety of the City of Birmingham, requiring him, as such Commissioner, to issue or cause to be issued to petitioner a city license for the operation of a motor car, or "jitney bus," over the route known as the West End route for jitney service.   From a judgment for petitioner, respondent appeals. Reversed and remanded.

The petition shows that, prior to January 15, 1923, petitioner was operating three such cars on said route under license from the city commissioner, and that, on application to said commissioner for license to operate said three cars for the year 1923, he was granted license to operate two cars over said route, but was denied license for the third, on the ground that in said commissioner's opinion two cars were enough for petitioner to operate on any one route in said city and on this particular route.   It is further alleged that there is no such limitation as to the number of cars one person may operate; that the total number that may be operated on said route is limited to 30 cars, but that that number has never been reached, the maximum number in the service being 25 cars.

It is alleged that petitioner's cars are the same that were operated by him in 1922, under license and without objection, but with the knowledge and approval of said commissioner; that said rejected car is in like good order and condition as in 1922, and was to be driven by one Stansell, a licensed chauffeur, and duly qualified for such service.   It is charged that the respondent has no discretionary right to refuse said license to petitioner, and that the refusal in question was arbitrary and unreasonable.

As to the authority of respondent as such commissioner, it is alleged that he "claims and exercises the power and authority of granting and refusing license for the operation of motor cars or jitneys for hire in the city of Birmingham, and (claims) to be in charge of the regulation and supervision and control of said jitney service."

Ordinance 759-C, as amended by Ordi-

nance 827–C, of the city of Birmingham, provides that any owner of a motor vehicle desiring to operate it in the city for the carriage of passengers for hire must obtain a license to do so, and must make written application to the commmissioner of public safety on a form to be furnished by the city, setting out: (a) A detailed description of the vehicle to be used; (b) the name of the owner, and of every person having any lien or claim thereon; (c) the route on which it is to run; (d) the name, age, residence, and business address of the applicant; (e) the same information as to the chauffeur who is to drive the car, and his license number. The application must be verified by oath, and the said commissioner must within five days inspect the proposed vehicle, and ascertain the qualifications of the chauffeur, and report his findings to the next regular adjourned or special meeting of the city commission—

"which body shall, after making further investigation, examination, and inspection, if deemed necessary, by resolution grant or refuse to applicant a license to use or operate each motor vehicle described in the application as a motor or jitney bus or taxicab, as the case may be, and, if the license be for a motor or jitney bus, the resolution ordering the license and the license itself shall designate by name the route for which said license is issued. If the license applied for be to operate a motor bus or jitney bus on any one of the urban routes as hereinafter set out in this ordinance, the same shall not be granted if the maximum number of jitneys or motor busses provided hereafter in this ordinance for said route shall have already been licensed and be in service on said route, unless and until there be a vacancy on said route. If the license is granted it shall be issued by the city comptroller, upon condition, however, that the owner or applicant shall pay the license fee or tax required by the laws and ordinance of the city of Birmingham for the use or operation of the class of vehicle to be used or operated; that is, motor or jitney bus or taxicab."

Several grounds of demurrer were interposed to the petition, which were overruled. Thereupon the respondent filed his answer, denying petitioner's right as asserted. To this answer the petitioner filed a so-called replication, to which the respondent's demurrer was overruled.

On the pleadings and evidence, the court granted the relief prayed for, and respondent appeals on the record proper.

W. J. Wynn and W. A. Jenkins, both of Birmingham, for appellant.

The writ of mandamus will not be awarded to compel an officer to do that which he has not the legal power to do. Minchenor v. Carroll, 135 Ala. 409, 33 South. 168; Gray v. Lindsey (Ala.) 39 South. 927; Ex parte Shaudies, 66 Ala. 134; Armstrong v. O'Neal, 176 Ala. 611, 58 South. 268; Farson v. Bird, 197 Ala. 384, 72 South. 550. Nor will the

209 ALA.—35

writ ever be awarded where full and adequate relief can be had by appeal or otherwise. State ex rel. Pinney v. Williams, 69 Ala. 311; Ex parte South. & North Railroad Co., 65 Ala. 599; Farson v. Bird, supra. Mandamus does not lie to compel an officer having discretionary power to exercise that power in any particular way. Henry v. State, 200 Ala. 475, 76 South. 417; State ex rel. Bibb v. Town of Warrior, 181 Ala. 642, 62 South. 69; State ex rel. Ducourneau v. Langan, 149 Ala. 647, 43 South. 187.

Weatherly, Birch & Hickman, of Birmingham, for appellee.

The rules of law applicable to dangerous instrumentalities do not apply to automobiles, nor can they be so arbitrarily regulated as to drive them from the highways. 28 Cyc. 24. The right of mandamus applies to cases where the act or duty is being performed or not performed, either arbitrarily or unreasonably, or fraudulently or unjustly, without legal excuse or requirement. Shrack v. Coatesville, 6 Pa. Dist. R. 425; Ex parte Scudder, 120 Ala. 436, 25 South. 44; Phœnix Carpet Co. v. State, 118 Ala. 154, 22 South. 627, 72 Am. St. Rep. 143; 5 McQuillin, § 2465; 3 McQuillin, § 1005; 28 Cyc. 747; Ann. Cas. 1918A, 688; Hughes v. Outlaw, 197 Ala. 452, 73 South. 16, Ann. Cas. 1918C, 872; 187 Iowa, 555, 174 N. W. 334, 6 A. L. R. 1526.

SOMERVILLE, J. [1] "Where the application is for mandamus, it is essential that the relator have a clear legal right to the thing demanded, and it must be the imperative duty of the respondent to perform the act required." Armstrong v. O'Neal, Gov., 176 Ala. 611, 615, 58 South. 268, 270; Minchener v. Carroll, 135 Ala. 409, 33 South. 168.

The petition here exhibited is fatally defective as to both of these requirements.

[2, 3] 1. The petitioner has no natural or inherent right to operate motor vehicles, as common carriers of passengers, on the streets of Birmingham. City of Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 South. 117; Const. 1901, § 220. The city ordinance which regulates that service gives to every citizen the right to apply for a license, and to have his application brought before the city commission, and passed upon by that body. But it seems perfectly clear that the granting of the license is a matter of discretion under the regulatory ordinance; certainly so as to the number of vehicles that the needs of the public require, or the character of the streets and the convenience and safety of traffic may permit. The ordinance forbids the licensing of more than 30 vehicles on the particular route here concerned, but it does not by any means declare that 30 vehicles shall be licensed. It may be that the 25 vehicles already licensed for this service, and in use on this route, are more than are needed; and it

may be, also, that the interest of the public will be better served by a distribution of the licenses in smaller proportions than three to each operator. Such conclusions are, we think, left to the sound discretion of the commission, to say nothing of the individual merits of each application, upon which the commission must pass its judgment.

[4] 2. Under the ordinance referred to, the commissioner of public safety is without legal authority to pass upon the merits of an application for license. That authority is vested in the city commission as a whole. Nor has the commissioner any authority ·to grant or issue or cause to be issued such a license. That authority, also, is vested exclusively in the commission.

[5, 6] The reply filed by petitioner to respondent's answer was no part of the petition, and could not supply its deficiencies. But, in any case, neither the assumption of unwarranted powers by the commissioner of public safety, nor the acquiescence of the city government therein, could operate as a repeal or suspension of the regulatory ordinance, which must be given the effect of law until it is duly repealed or amended.

The showings of the petition could not support the relief prayed. for and granted, and the trial·court erred in not sustaining the demurrer to the petition. .

[7, 8] It may be observed, in view of the general prayer of the petition, that, if the petitioner wishes to apply for a license, as provided by the ordinance, and cannot procure an application form from the city, he may draft one for himself, and file it with the commissioner; and, if the commissioner fails to report his findings thereon to the commission, as he is required to do, a writ of mandamus may be the appropriate remedy to compel him to make his findings and to so report them. But no other relief is available against this respondent, because no other duties rest upon him.

For the error stated, the judgment of the circuit court will be reversed, and the cause will be remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.