(137 So. 467)

## BLACKWOOD v. MARYLAND CASUALTY CO.
### 7 Div. 827.

Court of Appeals of Alabama.
Nov. 3, 1931.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

Young & Longshore and Rutherford Lapsley, all of Anniston, for appellant.

SAMFORD, J.

The plaintiff below, Ruby Blackwood, brought her suit in the circuit court of Calhoun county against Decatur R. Bostick, claiming damages for personal injuries as the result of the negligence of defendant in the operation of an automobile, and in April, 1930, obtained a judgment against defendant in said suit. The suit involved on this appeal is by reason of an action brought by the said plaintiff against this defendant as the insurer of the automobile being driven by Bostick causing plaintiff's injuries and for which she had obtained judgment against Bostick, which judgment remained unpaid, either in whole or in part. The contention on the part of plaintiff is that the automobile was being driven by Bostick, by and with the permission of the owner, Glenn O. Finch, who together with his father was the insured named in the casualty insurance policy. This suit is for the amount of judgment and costs. According to the terms of the policy, if recovery is had, it should be for the amount of the judgment and costs. The insured P. D. Finch and Glenn Finch were insured as respects accidents caused by or resulting from the ownership, maintenance, or operation by the named assured of the automobile here in question. The policy contained the following provision applicable to this case, to wit:

"II. The insurance provided by this Policy is hereby made available, in the same manner and under the same conditions, as it is available to the named Assured, to any person operating, and/or to any other person while riding in, and/or to any other person, firm or corporation legally responsible for the operation of, any of the automobiles described in the Statements, provided the use and operation thereof are lawful and with the permission of the named Assured, or, if the named Assured be an individual, with the permission of an adult member of the named Assured's household other than a chauffeur or a domestic servant, except that this extention of coverage shall not be operative if this policy be issued to any public automobile garage, automobile repair shop or automobile sales agency; nor shall insurance under this Insuring Agreement be available to any such garage, repair shop or sales agency nor to the proprietors, employees or agents thereof; Provided further insurance payable under this Policy shall be applied by the Company first to the protection to the named Assured, and the remainder, if any, to the protection of others entitled to insurance under the provisions and conditions of this Insuring Agreement as the named Assured shall in writing direct. * *

"IV. The insolvency or bankruptcy of the Assured shall not release the Company from payment of damages for injuries or death sustained or loss occasioned within the provisions of this Policy; and the payment of any such judgment that may be recovered against the Assured upon any claim covered by this Policy is not a condition precedent to any right of action against the Company upon this Policy, but the Company is bound to the extent of its liability under this Policy to pay and satisfy such judgment: And an action may be maintained upon such judgment by the injured person, or his or her personal representatives, as the case may be, to enforce the liability of the Company as in this Policy set forth and limited."

The allegations of the complaint were to the effect that Bostick was protected by the terms of the insurance contract in that at the time of the accident the use and operation of the automobile by Bostick was lawful and with the permission of the assured.

The foregoing statement was properly pleaded to an issue, and there was evidence tending to prove that part of plaintiff's case. Metropolitan Casualty Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25. There seems to be no serious contention to this point in the case.

The defendant, by way of confession and avoidance, says there was a clause in the policy upon which this suit is brought which reads as follows: "The unqualified term 'assured' wherever used in this policy shall include the assured * * * and in addition thereto any person * * * entitled to insurance under the provisions and conditions of insuring agreement II hereof. Whenever requested by the Company, the assured shall aid in securing information, evidence, and the attendance of witnesses; and shall at all times render to the company all reasonable cooperation and assistance"—and Bostick failed to comply with the terms of the policy above set out, in certain particulars named in pleas 2 and 3, which the trial court held to be good as against the demurrers interposed. This co-operation clause, if properly pleaded, presents a proper and complete defense to the action. The co-operation clause in the policy is just as binding on Bostick as it would have been had the suit been against Finch, the party with whom the insurance contract was made. The rule, as stated by our Supreme Court, is: "When the insurer is unable to make a defense, with the expectation of a fair presentation thereof, without the co-operation of the assured, a lack of co-operation without legal excuse or collusion, and in some material respect when needed, and not waived by the insurer * * should be and we hold is a good defense." Met. Casualty Ins. Co. v. Blue, 219 Ala. 37–41, 121 So. 25, 29. These pleas both 2 and 3 are insufficient, in that there is no allegation of a request made on Bostick by defendant to aid in securing information, evidence, and the attendance of witnesses or to render to the company co-operation and assistance, in

the trial of the case against him. The obligation to do this is by the terms of the policy based upon a request. There is no allegation that Bostick was ever notified by defendant that he was being defended in the suit pending against him and that defendant "would be unable to make a defense with the expectation of a fair presentation thereof without his co-operation." Bostick was entitled to the request and notice.

 It may be that the above allegations might be inferred from other allegations in the plea, but the law does not favor inferences in pleading. Where an allegation is necessary, it must be averred in terms constituting a direct charge. These questions were raised by ninth, twelfth, nineteenth, twenty-first and twenty-third grounds of demurrer, and should have been sustained.

To defendant's pleas plaintiff replied that defendant had waived the nonco-operation clause in the policy in that, in a suit by plaintiff against Bostick and Finch and with a knowledge of Bostick's failure to co-operate with defendant in the trial of the case, defendant had continued to defend the suit as against Bostick. It may be stated as a general rule that the acts or statements of an insurer admitting liability on a policy will not amount to a waiver of matters vitiating the policy, unless the insurer has knowledge of such matters at the time, and this is especially true if the insured has taken no action on the act before a denial of liability by the insurer, or has not been misled to his prejudice by such admission or act. The foregoing is gathered from the opinions cited in volume 5, Cooley's Briefs (2d Ed.) 4308 (f); volume 3, Cooley's Briefs (1st Ed.) 2658 (a).

If, however, Bostick, breached that part of the insurance contract requiring him, at the request of defendant, to co-operate in the defense of plaintiff's claim and with a knowledge of this breach defendant continued to represent Bostick in defense of the suit, such was a waiver of the breach, and defendant cannot now plead such breach in bar of this action. This seems to be in line with Miller v. Union Indemnity Co., 209 App. Div. 455, 204 N. Y. S. 730, which holding is approved in U. S. F. & G. Co. v. Redmond, 221 Ala. 349, 129 So. 15. The demurrers to plaintiff's replication averring these facts were properly overruled.

To plaintiff's replications 1, 2, 3, 4, and 5, defendant rejoined as follows: "1. Before entering into said trial the defendant, Maryland Casualty Company, entered into an agreement with the said D. R. Bostick, acting by and through Hugh D. Merrill, who was authorized to act for the said D. R. Bostick, that the action of the said defendant, Maryland Casualty Company, in participating in said trial and in representing the defendant, the said D. R. Bostick or causing the said D. R. Bostick to be represented or defended, was not and should not be a waiver of the right of the said Maryland Casualty Company to claim and rely upon the want of co-operation of the said D. R. Bostick as a valid defense to any liability of whatsoever kind of the defendant under the policy of insurance or indemnity contract referred to in plaintiff's complaint."

It is held by our Supreme Court that, in the absence of express authority, an attorney at law employed to defend or prosecute litigation has no authority to waive his client's rights. Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271; Indemnity Co. of America v. Bollas (Ala. Sup.) 135 So. 174.[1] Construing the averments of the rejoinder most strongly against the pleader (which is the rule), the allegation that Hugh D. Merrill, Bostick's attorney, "was authorized to act," is but a conclusion, and falls short of an averment of express authority to act in the particular matter. The mere employment of an attorney to manage and defend a particular cause constitutes no such authority. The demurrer to this rejoinder should have been sustained. Indemnity Co. v. Bollas, 223 Ala. 239, 135 So. 174; Senn v. Joseph, 106 Ala. 454, 17 So. 543.

Other questions presented will probably not arise on another trial. For errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

