### BLACKWOOD v. MARYLAND CASUALTY CO.

### 7 Div. 185.

Supreme Court of Alabama.

June 9, 1933.

Rehearing Denied Oct. 12, 1933.

344

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

Young & Longshore and Rutherford Lapesey, all of Anniston, for appellant.

BOULDIN, Justice.

The facts found by the Court of Appeals in the opinion now presented, incorporating by reference the facts recited in the former opinion (Blackwood v. Maryland Casualty Co., 24 Ala. App. 527, 137 So. 467), disclose that the attorney of the insured agreed in writing "that the action of the" insurer, "in participating in said trial and in representing the defendant" the insured "was not and should not be a waiver of the right of the" insurer "to claim and rely upon the want of co-operation of the" insured "as a valid defense to any liability of whatsoever kind of the" insurer "under the policy of insurance," a liability or indemnity policy.

This was no agreement that the policy had been forfeited by non co-operation. That question was left open to be litigated on its merits if and when such question should arise. So such agreement was not a surrender of any right of the insured in existence when the agreement was made. But a stipulation that, by continuing in the case for the defense of both the insurer and insured as against the plaintiff in that action, the insurer would create no new right in favor of the insured by way of estoppel.

"An attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such cause, made in writing." Code, § 6253.

"We do not think the effect of this statute is to invest the attorney with power over the entire cause equal to that of his client, but to invest him with authority to bind his client in all matters which relate to the prosecution or defense of the rights of his client, to collect and receipt for him, to sue out and direct process, to make all such preliminary agreements as he may deem necessary to lead to or secure a trial of the cause, and settle, by agreement or waiver, any and all questions which incidentally arise during the progress

of the trial." Senn v. Joseph, 106 Ala. 454, 457, 17 So. 543.

See, also, Norman v. Burns, 67 Ala. 248; Ex parte Hayes, 92 Ala. 120, 9 So. 156; Charles v. Miller, 36 Ala. 141.

"Subject to the rule that an attorney cannot compromise his client's case or surrender his substantial rights, an attorney may make any agreement or stipulation which appears, in the progress of the case, to be necessary or expedient for the advancement of his client's interest; and this right, it seems, is exclusive as far as it applies to stipulations relating purely to the management of the case in court." 6 C. J. pp. 647, 648, § 156, and full array of authorities in notes 58 and 59.

Our late cases are not intended to overturn the rule of Senn v. Joseph, supra, which is cited as authority therein.

The agreement of counsel here related directly to the conduct of the cause, surrendered no substantial right of the defendant, but secured the services of counsel for the insurer on behalf of defendant, upon agreement that such action should be without prejudice to the insurer—should not raise up a new estoppel against the insurer setting up the true status as to non co-operation when occasion should arise.

The agreement in question was within the lawful powers of the attorney as such, without any proof of express authority conferred by his client.

The Court of Appeals erred on the first appeal. The result of the decision on the present appeal is correct, but it is based on erroneous grounds.

The writ of certiorari is therefore denied.

Writ denied.

GARDNER, THOMAS, and KNIGHT, JJ., concur.

FOSTER, Justice (dissenting).

The opinion of the Court of Appeals limits our inquiry to the effect of notice by the insurance carrier in liability insurance given to the attorney for the insured and the consent of such attorney, that the insurer will not waive the right to claim a forfeiture of the contract for a breach of its co-operation clause, by reason of its continued defense of the insured in the suit against him, and by its failure to withdraw from such defense upon a discovery of the breach committed by insured.

It was held on the former appeal of this case that the agreement of the attorney for insured with the attorney for insurer that such continued defense shall not be a waiver of the breach is not binding as an agreement by the insured because he had no such implied authority. But the Court of Appeals now holds that an agreement is not necessary, but that notice of such claim to the insured

is all that is required, and that such notice may be effectually given to defendant's attorney appearing for him in the case. This theory is predicated upon section 9491, Code, that written notice to the attorney of record is as effectual as notice to the party. The authority of the attorney, as treated by the Court of Appeals, is that he was employed by insured and appeared for him to defend the suit. We cannot go to the record to see what additional authority the evidence showed that the attorney had conferred on him beyond that stated by the Court of Appeals. Counsel argue that it shows sufficient authority, but that court has declined to find whether that is so or not. So that much that is argued in brief on that subject is outside the facts relied on by that court, and is beyond the range of our consideration.

The question therefore involves only two inquiries: (1) Whether and when notice to the insured is sufficient to relieve the insurer of the consequences of what would otherwise be a waiver of the breach; and (2) whether the attorney for the insured may accept such notice so as to affect the client.

Other questions have heretofore been determined by this court, as the Court of Appeals rightly held. For that court finds as a fact that insured violated the co-operation clause of the contract, which is a complete defense unless effectually waived, as we have repeatedly held. Metropolitan Cas. Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25; George v. Employers' Liability Assur. Corporation, 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438.

But we are not in agreement with the Court of Appeals that it is sufficient to give notice to the attorney of the insured that the insurer reserves the right to insist on the forfeiture on account of the neglect of the insured, unless such attorney is authorized to consent to such reservation. The cases cited in the opinion of the Court of Appeals are predicated upon an inference that the insured acquiesced in such nonwaiver reservation. And in the case of Miller v. Union Indemnity Co., 209 App. Div. 455, 204 N. Y. S. 730, the insurer requested the insured to consent that his continued defense of the case would not waive its right to claim a forfeiture. The insured refused to agree, and the insurer nevertheless continued to defend the suit. The court held that the insurer could either claim the forfeiture and refuse to go on, or it could abandon such claim and conduct the defense of the action, but it could not do both: that the choice of one waived the other right. We believe that is the true rule.

The insured may be said to have acquiesced in the nonwaiver claim of the insurer if notice is given to him of such claim and he makes no protest or other objection but permits the insurer to continue to defend the suit upon the belief that by doing so it does not waive the forfeiture. But this cannot be so

346

treated unless the insured has acquiesced in such claim of the insurer, or otherwise agreed to it, or is estopped to insist to the contrary. It is by virtue of acquiescence that the insured is treated as having consented to, or is estopped to deny, the claim. It is upon the strength of an agreement expressed or implied, or construed by law, which operates to the advantage of the insurer. But there can be no implied contract, nor an estoppel, when the parties to it could not expressly so contract. So that the effect of notice to, and acquiescence in, such nonwaiver claim, by the attorney, is effective against the insurer, client, only to the extent that such attorney could bind his client by an express agreement. An agreement was expressly made. Its validity is therefore the controlling inquiry.

We are advised by counsel in brief that there was much evidence to show full authority of the attorney to make the agreement for his client. But without authority beyond his employment to defend the litigation, and extending to the making of such a contract, the attorney of insured could not waive his client's rights either expressly or impliedly. Indemnity Co. of Am. v. Bollas, 223 Ala. 239, 135 So. 174, 175; Craft v. Standard Acc't. Ins. Co., 220 Ala. 6, 123 So. 271; Hoover v. Miller, 198 Ala. 499, 73 So. 817; Senn v. Joseph, 106 Ala. 454, 17 So. 543; Robinson v. Murphy, 69 Ala. 543; Blackwood v. Maryland Casualty Co., 24 Ala. App. 527, 137 So. 467.

Section 6253, Code, does not confer such right on an attorney. Senn v. Joseph, supra. Neither does section 9491, Code. The notice there mentioned does not extend beyond those proceedings in the litigation which relate to its prosecution or defense, and only to such matters about which an attorney may bind his client or waive by contract under section 6253, Code.

Our judgment is that the Court of Appeals on the former appeal of this case correctly held that the attorney employed to defend an action has no implied power to excuse one from the consequences to his client of what would otherwise be the waiver of a forfeiture, and that for the reasons we have stated the notice to the attorney can have no more force than an agreement by him.

We cannot therefore concur even in the result as held by the majority, but think that the judgment of the Court of Appeals should be reversed. We therefore respectfully dissent.

ANDERSON, C. J., and BROWN, J., concur in this dissent.

### On Rehearing.

Petition for Mandamus to Court of Appeals.

FOSTER, Justice.

In connection with the petition for certiorari, petitioner also prays for mandamus to the Court of Appeals to require them to pronounce judgment and opinion upon all assignments of error argued and urged upon that court in the original submission.

When the original opinion was written, its effect was to reverse the Court of Appeals. But the court did not adopt that view, with the result of an affirmance. If the effect were a reversal of that court, the petition for mandamus would accomplish no good; but since it results in an affirmance, that petition becomes pertinent. It was overlooked when the Court of Appeals was affirmed by the majority, as its necessity had passed out of consideration by the writer. But since it is now pertinent, we think it deserves careful consideration and discussion.

In the recent case of Ex parte Loveman, Joseph & Loeb v. Himrod, 226 Ala. 342, 147 So. 163, we declined to issue a mandamus to that court to require them to incorporate in their opinion a statement and discussion of the facts in the case. We there referred to the statute that such court is one of final appellate jurisdiction, section 7309, Code, and that no discussion of the facts by it is necessary, section 10336, Code.

We do not hesitate to recognize the jurisdiction conferred on this court by section 140 of the Constitution, to take "general superintendence and control of inferior jurisdictions," section 7318, Code, and our duty as there declared. It is by virtue of such authority that we review to any extent the rulings of that court. The right and duty of this court to superintend and control the Court of Appeals, and review its proceedings, other than by appeal, or other statutory remedy, is the same right and duty, which it has over any other inferior court in Alabama, conferred by section 140 of the Constitution, and mentioned in it. So that in determining what writs we shall issue to that court for superintendence and control and to what extent we shall review its opinions and judgments upon such writs, since a statute does not specify, we must look to each writ, its nature and purpose.

By certiorari all errors of law apparent in their judgments and opinions are subject to review, but not the conclusions on the facts. See the cases cited in Ex parte Loveman, Joseph & Loeb v. Himrod, supra.

We exercise a limited review by mandamus of certain interlocutory rulings of the inferior courts, when no other review is available. Ex parte Fletcher, 225 Ala. 139, 142 So. 30; Ex parte Green, 221 Ala. 298, 129 So. 72.

But, except for the purpose of such review, "In order to entitle a party to the writ of mandamus he must show that he has a clear legal right to demand the performance of a specific duty. * * * It must be the imperative duty of the respondent to perform

the act required." Ex parte Jackson, 212 Ala. 496, 103 So. 558, 559; Armstrong v. O'Neal, 176 Ala. 611, 58 So. 268; Minchener v. Carroll, 135 Ala. 409, 33 So. 168; Cloe v. State ex rel. Hale, 209 Ala. 544, 96 So. 704.

So that petitioner's right to mandamus depends upon whether she has the clear legal right to demand, and there is an imperative duty of the Court of Appeals, that the assignments of error argued and urged upon that court in the original submission be expressly adjudicated and declared in their judgment and opinion. As a premise leading to the result, we note that the Court of Appeals has final appellate jurisdiction (section 7309, Code), except that it is controlled by the decisions of this court and subject to its general superintendence and control. Section 7318, Code; section 140, Constitution.

The general principles and statutory enactments which ordinarily control an appellate court of final jurisdiction in the determination of an appeal, and its duty in the matter of rendering judgments and opinions, is as applies to other courts of final appellate jurisdiction. So that, as declared by section 10336, Code, such court need not write an opinion at all unless in its judgment it would serve a useful purpose as a precedent, or when it relates to questions of fact only, or reaffirms previous decisions (to state it in the inverse order as there declared). The extent of the opinion is in the discretion of each appellate court, and there is no right in either party to have such opinion extended contrary to the discretion of that court; neither is there an imperative duty therefore of the court to include in its opinion any discussion which it deems unimportant.

There is no duty by statute or usage that the judgment of the appellate court must expressly refer to the assignments of error. The judgment affirms or reverses that of the trial court either in whole or in part, and renders or remands, dependent upon the effect of its holdings, but it does not necessarily declare the conclusion of the court upon the assignments of error or any of them. The assignments of error are in the nature of a pleading in the appellate court, and their object is to point out the errors so that the court and opposing counsel may know on what points appellant seeks a reversal and to limit the inquiry to those points. 3 Corpus Juris, 1328, 1329; Kinnon v. L. & N. R. R. Co., 187 Ala. 480, 65 So. 397.

Since petitioner shows no legal right to have the Court of Appeals declare its conclusion upon every nor any specific assignment of error, nor those referred to in the petition, she shows no right to a writ of mandamus, and the rule nisi will not be ordered.

Application overruled.

All the Justices concur in respect to the opinion on application for mandamus.

Application for rehearing overruled.

GARDNER, THOMAS, and KNIGHT, JJ., concur.

ANDERSON, C. J., and BROWN and FOSTER, JJ., dissent.