I concur in Part II of the majority opinion. I agree with Justice Cook that the order in the Ivey case striking names from the witness list is interlocutory; therefore, I dissent as to Part III.
The petitioners characterize Ivey's motion to reconsider as being dependent on the reinstatement of the dismissed cases and then argue that because the trial court lacked authority to reinstate those cases there can be no valid order related to theIvey case. I view the conditional status of the motion in Ivey
to be tied to the respondents' prevailing on the merits of their contentions that the previous dismissals had been improper. The determination in Part II, that Judge Smithart's orders reinstating the seven dismissed cases were improper, a determination based solely on a holding that the dismissals had become final, does not reach the merits of the question of the correctness of the ruling reinstating the dismissed actions. I do not consider the final orders of dismissal in the other cases, orders based on a violation of an order regarding witnesses, to be res judicata on the issue of allowing witnesses to testify in Ivey, nor do the petitioners contend that those dismissals have a res judicata
effect.
The order in Ivey vacating the previous order and allowing certain witnesses to testify in that action states:
 "Therefore, because the Court has not found any misconduct, or even negligence, concerning those cases and has vacated its prior order of sanction, this Court now vacates the Court's prior Order of November 3, 1998, granting Defendants' Motion to Strike the above-named witnesses."
In their petition, Allstate and Glover made no argument to challenge the finding of an absence of misconduct or negligence; they relied solely on the argument that the dismissal orders in the other seven actions were final and the argument that the order in Ivey was "intertwined" with the rulings in the dismissed cases. In their reply, the petitioners, for the first time, assert that the earlier dismissals were correct on the merits. However, this argument is advanced only in support of Judge Gaither's orders dismissing the seven cases. As to the aspect of the petition seeking an order directing Judge Smithart to set aside the order allowing the other plaintiffs to appear as witnesses in Ivey, the argument in the reply remains limited to the contention that that order in Ivey was intertwined with orders entered in the other seven cases as to which the court had improvidently asserted jurisdiction. In any event, the reply to an answer in a petition for a writ of mandamus is not part of the petition and cannot supply matter wherein the petition is deficient. Cloe v. State exrel. Hale, 209 Ala. 544, 96 So. 704 (1923). *Page 1074 
Because the petitioners have failed to demonstrate a clear legal right to have Judge Smithart's order in Ivey set aside, I respectfully dissent as to Part III.
Johnstone, J., concurs.