**Ex parte Susan Skelton Walch SCOTT.**

**(In re Lisa Skelton**

**v.**

**William Bart Skelton).**

**2150338.**

Court of Civil Appeals of Alabama.

March 18, 2016.

Richard H. Gill, Joel T. Caldwell, Shannon L. Holliday and Jo Karen Parr of Copeland, Franco, Screws & Gill, P.A., Montgomery, for petitioner.

Jeffrey G. Hester, Pelham, for respondent.

PITTMAN, Judge.

Susan Skelton Walch Scott filed a petition requesting this court to issue a writ of mandamus directing the Shelby Circuit Court ("the trial court") to enter a ruling in what began as a divorce proceeding. We deny the petition.

According to Scott, on September 8, 2014, Lisa Skelton ("Lisa") filed a complaint requesting the trial court to enter a judgment divorcing Lisa from William Bart Skelton ("Bart"). Scott also asserts that, before the divorce complaint was filed, Lisa and Bart had entered into a postnuptial agreement as to the division of marital property and that that agreement had been attached to the complaint for a divorce. Scott alleges further that, on September 25, 2014, before a divorce judgment could be entered, Bart died and that the trial court dismissed the divorce action sua sponte.

Scott next alleges that, on November 7, 2014, the Shelby Probate Court appointed Scott, who is Bart's sister, as the administratrix of Bart's estate. Scott also asserts that, before she was appointed as the administratrix, she had moved the trial court in the divorce proceeding to appoint an administrator ad litem for Bart's estate, that the trial court had "reopened and reinstated" the divorce proceeding, and that the trial court had set November 17, 2014, as the date on which to hear Scott's motion to appoint an administrator ad litem. Scott alleges that she later supplemented her motion to request the trial court to "substitute [Scott] as a real party to [the divorce proceeding] and to conclude and enforce [Lisa and Bart's] divorce."

Scott alleges that Lisa responded to Scott's filings by moving "the court" to appoint her as the administratrix of Bart's estate. It is not entirely clear from the petition, but it appears that Lisa filed that motion in the trial court, as opposed to the probate court. Scott also alleges that Lisa "sought to dismiss her divorce action [and] sought to set aside the quitclaim deed she had executed to the marital residence," which apparently had been executed in connection with the postnuptial agreement between Lisa and Bart. According to Scott, the trial court continued the hearing that had been set for November 2014 to January 2015 and, subsequently, continued that hearing again to March 2015.

Scott next alleges that she filed a "counterclaim seeking to enforce the post-nuptial property settlement" and that the trial court continued the hearing again to May 4, 2015. Scott does not state whether that hearing took place, but she asserts that the trial court set a trial date for June 10, 2015, and that it subsequently continued the trial date to June 15, 2015.

According to Scott, a hearing was held on June 15, 2015, and the parties presented the trial court with "further argument" on August 24, 2015. Scott alleges that, in November 2015, Lisa renewed her motion to dismiss the divorce action and that Scott filed a response to that renewed motion. Finally, Scott alleges that "[n]o final ruling has been issued by the trial court."

Scott filed her mandamus petition on January 19, 2016. She requests this court to direct the trial court to "rule on the dispositive motions" pending before the trial court, and she also suggests that this court should provide guidance as to how the trial court should rule. Lisa filed an answer to Scott's mandamus petition, and this court entered an order stating that the cause had been submitted on the petition and answer. No further briefing was authorized.

## Discussion

 Scott's petition contains three attachments—a copy of what appears to be

the postnuptial agreement between Lisa and Bart, a deed conveying property from Lisa to Bart, and a "counterclaim" filed by Scott in the trial court on April 15, 2015, requesting the trial court to enforce the postnuptial agreement.

Rule 21(a)(1)(E), Ala. R.App. P., requires a mandamus petitioner to include with the petition an appendix containing copies of "any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition." The mandamus petition in the present case does not contain all the documents that are essential to this court's understanding of Scott's argument.

■ Although Scott filed a reply brief that attempts to cure that deficiency, this cause was submitted on the petition and the answer, and no leave of court was sought to file a reply brief. *See* Rule 21(b), Ala. R.App. P. ("The clerk shall advise the parties of the dates on which briefs are to be filed, if briefs are required...."). *See also Cloe v. State,* 209 Ala. 544, 546, 96 So. 704, 706 (1923) ("The reply filed by petitioner to respondent's answer was no part of the petition, and could not supply its deficiencies."). *Cf. Ex parte Trawick,* 959 So.2d 51, 62–63 (Ala. 2006) (opinion on rehearing) (denying mandamus petitioner's motion to supplement the materials in support of her petition to allow the belated submission of a part of the trial-court record that was available upon original submission, but which the petitioner had omitted from the materials filed with her petition, despite having an obligation to attach to the mandamus petition " '[c]opies of any order or opinion or parts of the record that would be essential to an understanding of the matter set forth in the petition' ").

■ Even if the mandamus petition had included all the necessary parts of the trial-court record, Scott still would not be entitled to the writ. Scott points to authority that, she asserts, stands for the proposition that postnuptial agreements are enforceable when one spouse dies while a divorce action is pending. Thus, she essentially argues the merits of the underlying dispute and suggests that the trial court should be directed to enforce the postnuptial agreement, thereby resolving a dispute as to the disposition of Bart's estate. To the extent Scott asks this court to consider the merits of the underlying dispute, she has not demonstrated why an appeal after the trial court enters a ruling would not be an adequate remedy. *See Ex parte Ocwen Fed. Bank, FSB,* 872 So.2d 810, 813 (Ala.2003) (indicating that mandamus will not issue if an appeal would afford the petitioner full and adequate relief).

■ Moreover, apart from the merits of the underlying dispute, Scott does not discuss any authority governing whether this court should direct a trial court to enter a ruling in the specific situation Scott suggests is present in this case, i.e., when a circuit court allegedly has "neglected to rule" on a dispute affecting a decedent's estate that apparently is pending in probate court. "[I]t is not the function of [an appellate court] to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." *Dykes v. Lane Trucking, Inc.,* 652 So.2d 248, 251 (Ala.1994).

PETITION DENIED.

THOMPSON, P.J., and DONALDSON, J., concur.

THOMAS and MOORE, JJ., concur in the result, without writings.